722 F.2d 507
 50 Fair Empl.Prac.Cas. 7, 33 Empl. Prac. Dec.
P 34,000
Owen R. HELM, Jr., Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, California National Guard, Department
of the Army of the United States of America, the
United States of America, Defendants-Appellees.
 No. 82-4613.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 14, 1983.
Decided Dec. 20, 1983.
 
 Charles E. Karpinski, Bishop, Cal., for plaintiff-appellant.
 Major Joyce E. Peters, Washington, D.C., James E. White, Asst. U.S. Atty., Fresno, Cal., Talmadge R. Jones, Sacramento, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before WRIGHT, CHOY, and POOLE, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Major Helm, a retired Army National Guard officer, has appealed from a summary judgment of dismissal of defendants Department of the Army and the United States. The State of California and the California National Guard are not parties to this appeal but have stipulated that they will be bound by any judgment with respect to the federal defendants.
 
 
 2
 The underlying action asserted a violation of the Age Discrimination in Employment Act [ADEA], 29 U.S.C. Sec. 621 et seq. Appellant alleged that the defendants discriminated against him in their consideration of him for promotion in the Reserve Corps to the grade of lieutenant colonel.
 
 
 3
 Helm enlisted in the California National Guard in 1948 at the age of 19 and served as an enlisted man until commissioned as a second lieutenant of infantry in 1951. He was promoted in the Guard until he attained the grade of major in 1966. That promotion was federally recognized pursuant to 32 U.S.C. Secs. 305, 307.
 
 
 4
 Major Helm's command experience as an infantry officer was extremely limited. From 1966 to 1972, when he was first considered for promotion, he gave most of his time to marksmanship competitions. For that skill he was retained in the Guard but not selected for promotion in February 1973 for failure to meet the military educational requirement.
 
 
 5
 Later, he satisfied that requirement, was again considered for promotion and in January 1974 learned he had not been selected. He was then 44. He resigned his commission in 1974, rather than retire as a major, and enlisted in the Guard as a non-commissioned officer.
 
 
 6
 The Army Standby Advisory Board reconsidered Helm's file under 1973 criteria, noted that he fulfilled the educational requirement, and selected one officer out of seven considered for promotion. Helm was one of the six not recommended.
 
 
 7
 Helm sought relief from the Army Board for Correction of Military Records [ABCMR], on the ground that his nonselection violated the ADEA. He sought reinstatement as an officer, promotion to lieutenant colonel, back pay in that grade, and punitive action against those officers who violated his civil rights.
 
 
 8
 The ABCMR concluded that the ADEA did not apply and that it was only conjectural that Helm had been denied promotion on account of age.
 
 
 9
 We affirm the judgment because the ADEA, 29 U.S.C. Sec. 621 et seq., does not apply to military reservists, policy considerations preclude review of Helm's constitutional claims, and he has not shown the affirmative misconduct required for equitable estoppel.
 
 
 10
 I. Summary Judgment: Does the ADEA apply to the military?
 
 
 11
 Summary judgment is appropriate where (1) there is no genuine issue of material fact, and (2) viewing the evidence in the light most favorable to the opposing party, that party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). On appeal, this court applies the same standard as does the district court. Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir.1975).
 
 A. There Was No Issue of Material Fact
 
 12
 Whether the ADEA applies is the only issue that need be addressed under Helm's ADEA claim. It is a question of statutory interpretation that may properly be resolved by summary judgment. Mobil Oil Corp. v. Federal Energy Administration, 566 F.2d 87, 92 (Em.App.1977); Schlothan v. Territory of Alaska, 276 F.2d 806, 815 (9th Cir.), cert. denied, 362 U.S. 990, 80 S.Ct. 1079, 4 L.Ed.2d 1022 (1960).
 
 
 13
 B. The ADEA Does Not Apply to Army Reserve Personnel
 
 
 14
 This court has recently held that Title VII, 42 U.S.C. Sec. 2000e-16(a) (Supp.1981), does not apply to members of the armed forces. Gonzalez v. Dept. of Army, 718 F.2d 926 (9th Cir.1983). See also Johnson v. Alexander, 572 F.2d 1219 (8th Cir.), cert. denied, 439 U.S. 986, 99 S.Ct. 579, 58 L.Ed.2d 658 (1978). Title VII uses language identical to that in the ADEA to bar discrimination against "employees ... in military departments as defined in Sec. 102 of Title 5." 42 U.S.C. Sec. 2000e-16(a).
 
 
 15
 Gonzalez is applicable here. This court has applied Title VII precedent to ADEA cases. See, e.g., Bunch v. United States, 548 F.2d 336, 340 n. 6 (9th Cir.1977). The ADEA does not apply to military reservists.
 
 
 16
 II. Jurisdiction to Hear Constitutional Claims
 
 
 17
 Assuming that jurisdiction exists under 28 U.S.C. Sec. 1346, the claims Helm raises are not reviewable.
 
 
 18
 This circuit recently adopted a multi-factored analysis for determining whether a civilian court should review a serviceman's allegation of deprivation of a recognized constitutional right by the military. Gonzalez v. Department of Army, 718 F.2d 926 at 929 (9th Cir.1983); Wallace v. Chappell, 661 F.2d 729, 732-34 (9th Cir.1981), rev'd on other grounds, --- U.S. ----, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983).
 
 
 19
 The first phase of the analysis is satisfied here. (1) Helm has alleged constitutional violations, and (2) he has exhausted administrative remedies.
 
 
 20
 The second phase requires weighing four factors: (1) the nature and strength of the claim; (2) the potential injury to Helm if review is refused; (3) the extent of interference with military functions; and (4) the extent to which military discretion or expertise is involved. Gonzalez, at 930.
 
 
 21
 On balance, these factors favor finding Helm's claims nonreviewable. Age discrimination is examined for a rational basis, which the military could easily establish. See Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The potential injury to Helm is only economic (the difference between a major's and a lieutenant colonel's retirement benefits). "Scrutiniz[ing] numerous personnel decisions by many individuals as they relate to appellant's claim that he was improperly denied promotion" would significantly interfere with military functions. Gonzalez, at 930. Finally, an inquiry into promotion decisions "would involve the court in a very sensitive area of military expertise and discretion." Id.
 
 
 22
 In short, the special policy considerations involved in judicial review of military decisionmaking preclude review in this case. See Wallace, 661 F.2d at 732.
 
 III. Equitable Estoppel
 
 23
 Helm raises estoppel for the first time on appeal. This court will not review an issue not raised below except to prevent manifest injustice. Komatsu, Ltd. v. States Steamship Co., 674 F.2d 806, 812 (9th Cir.1982). There was no manifest injustice here.
 
 
 24
 Even had the issue been presented below, it is effectively precluded by Lavin v. Marsh, 644 F.2d 1378 (9th Cir.1981). Helm has not shown affirmative misconduct by the defendants. The 1973 Board's failure to consider Helm's full record, including the new educational information, was the only possible affirmative misconduct. This was rectified in 1974, when the ABCMR reconsidered Helm for promotion in light of his full record.
 
 
 25
 AFFIRMED.