**Samuel W. COSTNER,
Plaintiff–Appellant,**

v.

**OKLAHOMA ARMY NATIONAL GUARD; Robert M. Morgan, individually and in his official capacity, Defendants–Appellees,**

**and**

**Robert E. Clark, individually and in his official capacity; William E. Gibson, individually and in his official capacity; Charles E. Frazier, individually and in his official capacity, Defendants.**

No. 86–1704.

United States Court of Appeals,
Tenth Circuit.

Nov. 25, 1987.

Lewis Barber, Jr. and George P. Traviolia of Barber and Traviolia, Oklahoma City, Okl., for plaintiff-appellant.

Robert H. Henry, Atty. Gen., State of Okl., and Beverley Quarles Watts, Asst. Atty. Gen., State of Okl., Oklahoma City, Okl., for defendants and defendants-appellees.

Before McKAY and BALDOCK, Circuit Judges, and GREENE, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has de-

termined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Plaintiff Samuel Costner seeks to appeal the dismissal of his complaint against the Oklahoma National Guard and Robert M. Morgan under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff alleged that defendant decided not to retain plaintiff as a unit personnel technician with the Guard based on his age.

We must first address whether this court has jurisdiction to hear plaintiff's appeal. Plaintiff filed his notice of appeal after more than thirty days had elapsed from the date of the district court's final judgment. Under Fed.R.App.P. 4(a), a party usually has only thirty days in which to file a notice of appeal or seek an extension from the district court of the time for filing. In actions in which "the United States or an officer or agency thereof is a party," however, the parties have sixty days in which to file a notice of appeal. The issue is thus whether the United States or an officer or agency of the United States was a party to this action.

Plaintiff originally named several other persons, including Lieutenant Colonel William E. Gibson, an officer in the United States Army, as defendants. Defendant Gibson would be an "officer of the United States" for purposes of the time for appeal under Fed.R.App.P. 4(a). *See Wallace v. Chappell,* 637 F.2d 1345 (9th Cir.1981). Plaintiff, however, voluntarily dismissed his action against defendant Gibson. Accordingly, defendant Gibson's participation in the lawsuit will not serve to extend the time for appeal to sixty days. *See Maryland Cas. Co. v. Conner,* 382 F.2d 13 (10th Cir.1967). We must therefore address whether the Oklahoma National Guard or Major General Robert M. Morgan, the de-

fendants named in plaintiff's amended complaint, may be considered as "officials or agencies" of the United States for purposes of the time limit.

■ In district court, plaintiff alleged that at the time defendants discriminated against him, plaintiff was a member of the Oklahoma Army National Guard and a civilian technician. Plaintiff challenged the official personnel decisions of defendant Morgan, the adjutant general of the Oklahoma National Guard. In *NeSmith v. Fulton*, 615 F.2d 196, 199 (5th Cir.1980), the Fifth Circuit addressed the issue of whether the adjutant general is a federal officer for determining the time for filing a notice of appeal. The court reasoned that the National Guard Technicians Act, 32 U.S.C. § 709, *et seq.*, conferred *"federal* status on civilian technicians while granting administrative authority to *State* officials, headed in each state by the Adjutant General." *Id.* at 199 (citation omitted) (emphasis in original). Although the adjutant general is a state officer, the court reasoned that his status as a state officer did not preclude his being an agent of the United States in his capacity as administrator for federal personnel. "The conclusion that an adjutant general is a federal agency as well as a state officer reflects the hybrid state-federal character of the National Guard and of the role of adjutants general in administering it." *Id. See also Chaudoin v. Atkinson*, 494 F.2d 1323 (3rd Cir.1974) (although adjutant general is not an officer of the United States, he is an agent of the United States subject to 28 U.S.C. § 1361). We agree. Accordingly, we proceed to the merits of plaintiff's appeal.

The district court dismissed plaintiff's complaint because it held that his claims were "not appropriate for judicial review under the test applied in *Lindenau v. Alexander*, 663 F.2d 68 (10th Cir.1981), since the strength of plaintiff's claims and the potential injury to plaintiff are relatively slight when compared to the degree of interference in the military function that would result from sustaining plaintiff's challenge." In *Lindenau*, this court applied the analysis used in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971) for determining the scope of review federal courts

should have in military personnel matters. In *Mindes*, the court developed a two-part test for deciding whether to review an internal military determination:

"[A] court [should] first ... determine whether the case involves an alleged violation of a constitutional right, applicable statute, or regulation, and whether intraservice remedies have been exhausted. If so, the court is then to weigh the nature and strength of the challenge to the military determination, the potential injury to the plaintiff if review is refused, the type and degree of anticipated interference with the military function, and the extent to which military discretion or expertise is involved in the challenged decision."

*Lindenau*, 663 F.2d at 71 (citing *NeSmith v. Fulton*, 615 F.2d at 201).

Plaintiff first argues that *Lindenau* does not apply to his case because he is complaining about his discharge as a civilian employee. In this context, he characterizes himself as a federal civil servant working for the State of Oklahoma rather than as a military officer. Plaintiff is partly correct. Although he is a civilian employee, he also wears the hat of a member of the military since all civilian employees of the National Guard must also be members of the Guard. *See Thornton v. Coffey*, 618 F.2d 686 (10th Cir.1980). Plaintiff's discharge as a Guard officer must thus be analyzed in terms of whether the court should review the military personnel decision, regardless of the decision's effect on his civilian employment with the Guard. *Id.*

■ The district court dismissed plaintiff's complaint under the second part of the *Mindes* test, which essentially balances the interests of the parties, with a preference against interference in the military. *See Lindenau*, 663 F.2d at 74. In *Helm v. State of California*, 722 F.2d 507, 510 (9th Cir.1983), the Ninth Circuit applied the factors in *Mindes* and held that a claim similar to plaintiff's was nonreviewable.

On balance, these factors favor finding Helm's claims nonreviewable. Age discrimination is examined for a rational basis, which the military could easily establish. *See Massachusetts Board of*

*Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The potential injury to Helm is only economic.... "Scrutiniz[ing] numerous personnel decisions by many individuals as they relate to appellant's claim that he was improperly denied promotion" would significantly interfere with military functions. *Gonzalez v. Dept. of Army,* 718 F.2d 926, 930 (9th Cir.1983). Finally, an inquiry into promotion decisions "would involve the court in a very sensitive area of military expertise and discretion." *Id. Helm,* 722 F.2d at 510. We agree with this reasoning. *See also Turner v. Egan,* 358 F.Supp. 560 (D.Alaska 1973).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.