**Joyce INGRAM and Jerry Ingram,
Plaintiffs–Appellants,**

v.

**The STATE of Oklahoma,
Defendant–Appellee.**

No. 71005.

Supreme Court of Oklahoma.

Jan. 16, 1990.

Mark Hammons, Hammons, Hammons & Taylor, El Reno, for plaintiffs-appellants.

Robert H. Henry, Atty. Gen., Cathy Clinton Dabney, Asst. Atty. Gen., Oklahoma City, for defendant-appellee.

OPALA, Vice Chief Justice.

The dispositive issue is whether the petition's allegations are sufficient to support a demand for relief against the State of Oklahoma [State]. We hold they are.

Joyce Ingram and her husband, Jerry Ingram [together called plaintiff], sued the State for bodily injuries to the wife, an Edmond postal employee, sustained when she was shot by Patrick Sherill [attacker]. The husband's demand is for loss of consortium. Plaintiff relies on the Governmental Tort Claims Act (51 O.S.Supp.1986 §§ 151 et seq.) [Act] as the sole authority for her lawsuit.

The State sought summary relief from liability. The trial court's disposition, below called "summary judgment," concludes that the provisions of 51 O.S.Supp.1986 § 155(14)[1] exempt the State from legal re-

---

**1.** The terms of 51 O.S.Supp.1986 § 155(14) are:

"The state or a political subdivision shall not be liable if a loss or claim results from:

sponsibility for the injurious episode. The plaintiff appeals from the denial of her claim *sans* trial. We reverse the order and remand the case for further proceedings.

## I.

### THE TRIAL COURT'S RULING FOR THE STATE CANNOT BE AFFIRMED ON ANY STATUTORY–IMMUNITY PROVISION

■ The terms of 51 O.S.Supp.*1986* § 155(14), the statute in effect when the injury occurred, provided that the State "shall not be liable if a loss ... results from ... [a]ny claim covered by any workers' compensation act...." Applying this provision the trial court reasoned that since Joyce Ingram, when injured, was covered by the federal employees' compensation law (5 U.S.C. §§ 8101 et seq.), the State is exempt from tort liability for her harm.

In *Huff v. State*,[2] a case in which mandate issued *after* the trial court had ruled against this plaintiff, the 1986 amendment of § 155(14)—the version which governs this controversy—was held *not* to immunize the State from tort liability to a *non-state* employee injured on the job.[3] Mindful of *Huff's* teachings the State *now* concedes in its brief that the trial judge's decision came to be rested on an erroneous meaning of 51 O.S.Supp.1986 § 155(14).[4]

A nisi prius court's decision must be affirmed if there is any legal basis for its ruling.[5] Here, the trial judge rested his decision on a section of the Governmental Tort Claims Act which does not afford immunity to the State for an on-the-job injury of another entity's employee. Our own search has revealed *no* provision in the 1986 version of the Act that would, on this record, warrant an immediate, *sans* trial termination of this lawsuit on grounds of some legislatively-enacted State exemption from liability.

■ For its immunity quest the State sees support in the following terms of 51 O.S.Supp.1986 § 155(22):

> "The state or a political subdivision shall not be liable if a loss or claim results from:
> " * * *

> "22. The activities of the National Guard, the militia or other miltary organization administered by the Military Department of the state *when on duty pursuant to the lawful orders of competent authority in an effort to quell a riot or in response to a natural disaster or military attack;*
> " * * *" (Emphasis added)

Reliance is placed on the quoted language because, in the State's view, the petition's allegations 1) refer to members of the National Guard as the *only* harm-dealing State actors and 2) thus attribute the commission of the tort in suit to persons who, according to the argument of the Attorney General, stand dehors the class of state employees.[6] . As more fully explained later, the State's assumption is inaccurate. The petition rests, inter alia, on negligent entrustment, ascribed to an act of unnamed individuals *"within"* the Oklahoma military who had placed in the attacker's pos-

---

" * * * *
"14. Any claim covered by any workers' compensation act or any employer's liability act;
" * * * *"

**2.** Okl., 7.64 P.2d 183 (1988).

**3.** *Huff v. State, supra* note 2, 764 P.2d at₀ 186–187.

**4.** *We note that § 155(14) has since been amended, effective November 1, 1988.* Its terms—inapplicable to this case since they were enacted *after* this claim arose—*now* provide as follows:
"The state or a political subdivision shall not be liable if a loss or claim results from:
" * * *

"14. Any loss *to any person covered by any workers' compensation act or any employer's liability act;*
" * * *" (Emphasis added)
See 51 O.S.Supp.1989 § 155(14).

**5.** *Matter of Estate of Bartlett*, Okl., 680 P.2d 369, 374 (1984); *Benham v. Keller*, Okl., 673 P.2d 152, 154 (1983).

**6.** In support of its argument that the alleged tortfeasors were not state employees the State relies upon the terms of 74 O.S.Supp.1986 § 840.9(4), whose pertinent text is quoted *infra* note 9.

session certain "dangerous instrumentalities" and who knew or should have known of his (the attacker's) "incompetence" to handle harm-dealing implements.[7]

Assuming the allegations are predicated solely on harm inflicted by members of the guard, we nonetheless cannot infer immunity from the face of the petition. The quoted provision of § 155(22) expressly *limits* the State's shield from liability to *specific guard activities* not shown to have occurred in this case scenario. In sum, the State-invoked language of § 155(22), when applied to the pleaded version of the harmful event, affords no basis for exemption from liability. Immunity cannot be divined from a doubtful, ambiguous or silent legislative text.[8]

We are urged that the so-called "summary judgment" should be allowed to stand because (1) the alleged tortfeasors—officers and members of the Oklahoma Air National Guard—are not "state employees," (2) the facts stated in the petition do not show causal negligence, (3) the pleading does not aver a violation of some legal duty owed by the State and (4) Jerry Ingram, the husband, lacks standing under the Act to prosecute his attempted consortium claim.

The State argues that according to the terms of 74 O.S.Supp.1986 § 840.9(4)[9] national guardsmen may not be regarded as state employees. We need not express an opinion on whether they are to be treated as state employees for purposes of the Governmental Tort Claims Act.[10] The petition's terms are broad enough to include among the actors alleged to have been responsible for the plaintiff's harm persons who, though perhaps not members of the National Guard and not even "state employees," might nevertheless have been acting as agents of the State "within" the Military Department.[11] Their agency status at the time and place of the injurious episode could not be negatived by the State-invoked exclusion of guardsmen from a statutory definition of "state employees." The Act does not make an actor's governmental employment status a *sine qua non* for subjecting the State to respondeat superior accountability.[12] Any agency relationship between the State and any harm-dealing actors would be as effective as the master/servant status for the creation of the State's vicarious liability in tort.

As for the husband's standing to press the loss-of-consortium claim, the State invites our attention to the terms of 51 O.S. Supp.1986 § 152(4)(b).[13] This section requires that a spouse's derivative claim be included in the quest for relief. Since the trial court has not yet had an opportunity to rule on the husband's standing under the Act, we express no opinion on this point of

---

7. For the pertinent text of the petition's allegations see Part III of this opinion.

8. See *Jarvis v. City of Stillwater*, Okl., 669 P.2d 1108, 1111 (1983).

9. The terms of 74 O.S.Supp.1986 § 840.9(4) provide:
   "The following offices, positions and personnel shall not be considered state employees except as otherwise provided by law:
   " * * *
   "4. Officers and members of the Oklahoma National Guard, as such."

10. For cases involving the status of National Guard personnel as state employees, see Annot.: Who is an "employee of the government" for whose conduct the United States may be held liable under the Federal Tort Claims Act—federal cases, 14 L.Ed.2d 892 § 9.

11. For the pertinent text of the petition's allegations see Part III of this opinion.

12. We note also that the pleading does not show whether the alleged wrongdoers were agents or employees of the state.

13. The terms of 51 O.S.Supp.1986 § 152(4)(b) are:
   "As used in this act, Section 151 et seq. of this title:
   " * * *
   " 'Claimant' means the person or his authorized representative who files notice of a claim in accordance with this act. *Only the following persons and no others may be claimants:*
   " * * *
   "b. the individual *actually involved* in the accident or occurrence who suffers a loss, provided that he *shall aggregate in his claim all losses of all persons which are derivative of his loss, ...*
   " * * *" (Emphasis added)

procedure. It should be dealt with on remand.

## II.

## THE TRIAL COURT'S DENIAL OF RECOVERY

While the State sought a form of summary relief, and the trial court appears to have "sustained" its motion, the plaintiff nonetheless treats and describes the end-of-the-line ruling under review as a "dismissal." We agree with the latter characterization.

In advance of the terminal ruling the plaintiff had stipulated that the injuries for which she seeks to hold the State accountable are within the purview of her workers' compensation coverage as a federal employee. This fact represents the *only* addition to the pleading's allegations the trial judge took into consideration when making the decision under review. No judicial inquiry was necessary into the presence of material facts in controversy as a predicate for the terminal order by which recovery came to be denied. The plaintiff has, in essence, met with and appealed from a dismissal for failure to state facts upon which relief can be granted—a ruling that is rested on her petition's allegations *later voluntarily supplemented by a single stipulated fact.*

## III.

## THE LEGAL SUFFICIENCY OF PLAINTIFF'S ALLEGATIONS

■ The plaintiff's petition alleges that "[o]n or about August 20, 1987, Patrick Henry Sherill, an employee of the Oklahoma Military Department, particularly the Oklahoma Air National Guard, took weapons and ammunition bailed and en-

trusted to him *by persons within* the Oklahoma Military Department and Oklahoma Air National Guard and shot the Plaintiff Joyce Ingram...." (Emphasis added)

It further alleges that

"the Defendant [state] *negligently entrusted* or bailed an inherently dangerous instrumentality *to a person who it knew or ought to have known was not a safe and competent person to entrust such instrumentality....*" (Emphasis added)

We cannot say it is *impossible* for the plaintiff to prove under the quoted allegations *any set of facts* that would entitle her to relief.[14] *At a very minimum,* she has stated a claim for bodily injury that is founded on negligent entrustment of dangerous implements to the attacker, accomplished through unnamed State agents "within the Oklahoma Military Department."[15]

DISMISSAL ORDER REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THE VIEWS EXPRESSED IN THIS OPINION.

LAVENDER, DOOLIN and ALMA WILSON, JJ., concur.

KAUGER, J., concurs by reason of stare decisis.

HARGRAVE, C.J., concurs in part and dissents in part.

HODGES, SIMMS and SUMMERS, JJ., dissent.

---

**14.** See *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1975); *Frazier v. Bryan Memorial Hospital Authority,* Okl., 775 P.2d 281, 287 (1989).

**15.** The presence of proximate cause raises a jury question, unless, of course, the facts are undisputed *and* support but a single inference. *Only* in the latter case may the issue of causation be resolved as a matter of law. *Kansas, O. & G. Ry. Co. v. Clark,* Okl., 262 P.2d 426, 427 (1953); *Meyer v. Moore,* Okl., 329 P.2d 676, 681 (1958);

*St. Louis–San Francisco Railway Co. v. Fox,* Okl., 359 P.2d 710, 713–714 (1961). See also, *Petersen v. State,* 671 P.2d 230, 241 (Wash.1983); *Schuster v. Altenberg,* 144 Wis.2d 223, 424 N.W.2d 159, 175 (1988). We cannot conclude from the language of the petition in suit that it would be impossible for the plaintiff to connect by proximate cause the alleged negligent entrustment with the injury from the harmful episode for which recovery is sought.