951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Benny R. PAYTON, Plaintiff-Appellant,
v.
Joe W. SPRUIELL, Safety Officer; K.J. Schegel, Chief of
Health Programs; David Mifflin, also known as Dave Mifflin,
Health Services Administrator; Michael Maize, also known as
Mike Maize, Assistant Health Services Administrator; T.J.
Cavins, Unicor Foreman; Six John Does, Defendants-Appellees.
 No. 91-6177.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1992.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Benny R. Payton brought a Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), action against a number of prison officials claiming he had been a victim of constitutional torts. The suit was against the defendants in their individual capacities. It arose out of a fall by plaintiff while he was working within the prison using a cutting torch some ten to twelve feet above a concrete floor. He was outside the safety net, allegedly at the direction of defendant T.J. Cavins, his foreman. Plaintiff also alleged Eighth Amendment claims for deliberate indifference to his medical needs after the fall. I R. tab 2, 7-14. The district court granted summary judgment in favor of the defendants on several grounds which we need not discuss, because the controlling issue before us is whether plaintiff filed a timely appeal from the district court's judgment.
 
 
 3
 The district court's judgment was entered October 15, 1990. I R. tab 25. Appellant filed a timely motion for a new trial which was denied by the court's order of November 5, 1990. Plaintiff claims not to have received a copy of the district court order denying his motion for a new trial, and on February 20, 1991, filed additional pleadings by which he sought to add a Federal Tort Claim Act count to his case. Those pleadings were stricken on March 5, 1991, on grounds that there was no longer a case before the court, as the suit had terminated and no timely appeal had been taken. See Fed.R.App.P. 4(a)(1). Plaintiff filed a motion for leave to appeal out of time on March 14, which was denied on April 16, 1991. I R. tab 42. An appeal from the denial of that motion brings the case to this court.
 
 
 4
 An appellate court acquires jurisdiction of an appeal upon a timely filing of a notice of appeal. Certain Underwriters at Lloyds of London v. Evans, 896 F.2d 1255, 1256 (10th Cir.1990). "[T]his requirement is mandatory and jurisdictional." Id. In suits against prison officials or other individuals sued in their individual capacities, notice of appeal must be filed within thirty days of entry of judgment. See Fed.R.App.P. 4(a)(1); see also Costner v. Oklahoma Army National Guard, 833 F.2d 905 (10th Cir.1987) (adjutant general in national guard is agent of United States for purposes of time limit of Fed.R.App.P. 4(a)(1)). In suits against federal officials, parties are permitted to file notice within sixty days, Fed.R.App.R. 4(a)(1), but even giving plaintiff the benefit of this rule, the time to file notice of an appeal expired in early January 1991. See Fed.R.App.P. 4(a)(1) & (4). The court may grant an additional period in which to file a notice of appeal if plaintiff has shown that his failure was the result of excusable neglect. The motion must be made within thirty days of the prescribed time limit. Fed.R.App.P. 4(a)(5). Under the most generous reading here that would be February 3, 1991, and no such motion was filed until March 14. Thus, the district court could not even consider the issue of excusable neglect because the motion to extend the time to file an appeal was not timely. Id. Hence, we must dismiss unless there is another basis to excuse the late filing.
 
 
 5
 Plaintiff's primary argument is that he simply did not receive notice from the court of entry of the order denying his motion for new trial. Rule 77(d) of the Federal Rules of Civil Procedure requires that the clerk of the court send the parties notice of entry of an order or judgment. Rule 77(d) also provides however, that "[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.Civ.P. 77(d); see also United States v. Campuzano, 905 F.2d 677 (2d Cir.), cert. denied, 111 S.Ct. 363 (1990). Thus, contrary to plaintiff's assertion, failure of a party to receive notice of the entry of an order does not toll the running of the period in which to file notice of an appeal. See Fed.R.Civ.P. 77(d); Lathrop v. Oklahoma City Hous. Auth., 438 F.2d 914 (10th Cir.), cert. denied, 404 U.S. 840 (1971). Although failure to receive notice of the entry of an order could possibly constitute excusable neglect under 4(a)(5), that rule only allows the district court to extend the time limit for filing a notice of appeal by thirty days, and plaintiff's notice was filed after an additional thirty days had passed.
 
 
 6
 "[T]he court may not enlarge the time for filing a notice of appeal." Fed.R.App.P. 26(b); see also Evans at 1256. Thus, the district court did not have authority to extend time for filing a notice of appeal beyond ninety days after entry of the order denying the new trial motion. Since the district court ruling, however, amended Fed.R.App.P. 4(a)(6) has become effective (Dec. 1, 1991). The amended rule provides:
 
 
 7
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 8
 Fed.R.App.P. 4(a)(6).
 
 
 9
 By order of the Supreme Court, the amendment "shall take effect on December 1, 1991, and shall govern all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings in appellate cases then pending." Order of April 30, 1991. Amended Fed.R.App.P. 4(a)(6) is not applicable here because at the time the amendment became effective there was no valid appeal. The case thus was not pending on December 1, 1991, in the sense contemplated by the law, and the new rule does not apply.
 
 
 10
 At the time the district court heard the motion for leave to appeal out of time, the only basis for departure from the timely notice of appeal as a mandatory jurisdictional rule was the "unique circumstances" exception recognized by the Supreme Court in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962), and Thompson v. INS, 375 U.S. 384 (1964). See Stauber v. Kieser, 810 F.2d 1 (10th Cir.1982). The unique circumstances rule is strictly construed, see Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989). It essentially requires "specific assurance by a judicial officer" that the time period is not running. Id. No such situation existed here; we cannot treat the district court's return of documents attempted to be filed by plaintiff for noncompliance with a local rule as meeting the requirements of Osterneck.
 
 
 11
 In the instant case the jurisdictional rule operates harshly, but we have no power to waive it. See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).
 
 
 12
 Appeal dismissed. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3