John R. RANDOLPH, Appellant,

v.

OKLAHOMA MILITARY DEPARTMENT, ex rel. STATE of Oklahoma and Major Tommy G. Alsip, OKARNG, as the Adjutant General, the State of Oklahoma, Appellees.

No. 84711.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 21, 1995.

Certiorari Denied April 20, 1995.

Robert J. Unruh, Oklahoma City, for appellant.

Susan B. Loving, Lisa Tipping Davis, Oklahoma City, for appellees.

## OPINION

HUNTER, Judge.

Appellant, John R. Randolph, seeks review of the trial court's order which dismissed his tort claims against Appellees, the State of Oklahoma ex rel. Oklahoma Military Department, and Major General Tommy G. Alsip, Adjutant General. Appellant also seeks review of the trial court's order which granted summary judgment to Appellees on Appellant's breach of contract claim. This appeal is submitted for our review under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S., Ch. 15, App. 2. We affirm.

On and before November 6, 1987, Appellant was an active duty member of the Oklahoma Army National Guard (OKARNG) with the rank and grade of Master Sergeant. By Order No. 263–3, Appellant was ordered to full time duty in the Active Guard/Reserve (AGR) from January 1, 1985 to December 31, 1987. By Order No. 230–17, Appellant was terminated from Active Guard/Reserve on November 6, 1987. Appellant alleges he was terminated by the Guard for "substandard duty performance" but in fact was terminated for reporting unlawful conduct committed by a commissioned member of the Oklahoma Military Department. After unsuccessfully appealing to the Board of Correction of Military Records, Appellant filed his Notice of Claim on March 29, 1990 under The Governmental Tort Claims Act, 51 O.S.1991, § 151 et seq. He filed this action on December 10, 1991, alleging his termination tortiously violated the Oklahoma Personnel Act, 74 O.S. 1991, § 840.1 et seq. He sought actual damages for lost income, emotional distress and humiliation and exemplary damages. Appellant also alleged he was employed under written contract with Appellees and his contract was tortiously breached. For breach of

contract, he sought actual damages and exemplary damages.

Appellees moved to dismiss the complaint, alleging Appellant's causes of action are barred by the Governmental Tort Claims Act and under the Oklahoma Pleading Code for failure to timely issue summons. The trial court sustained the motion, dismissing Appellant's tort causes of action on the basis same were barred under the Tort Claims Act. With leave of court, Appellant filed his second amended petition, seeking damages for breach of contract. The "contract", he maintains is the Order from the Guard which placed him on AGR for a term of three years from December 30, 1984 to December 30, 1987. Upon Appellees' second motion to dismiss, the trial court sustained the motion in part, dismissing all Appellant's tort claims save that for damages for loss of income for breach of contract. After Appellant filed his third amended petition, Appellees moved for summary judgment under Rule 13, Rules for District Courts of Oklahoma, 12 O.S., Ch. 2, App. 1.

Appellees moved for summary judgment on the basis the trial court lacked jurisdiction to review this internal military matter. Appellant responded that there exist controverted material facts, but failed to comply with Rule 13 by setting forth and numbering each fact issue which he claimed to be in controversy. All material facts set forth in the movant's statement which are supported by admissible evidence shall be deemed admitted unless specifically controverted by the adverse party's statement which is supported by admissible evidence. Rule 13, Rules for District Courts. The bulk of Appellant's response brief is devoted to arguing he is a "state employee" under the AGR program, not a federal employee, and therefore the trial court had jurisdiction to hear his "contract" claim. He maintains that under 44 O.S.1991, § 21.1, he is entitled to the protections of the Oklahoma Personnel Act, 74 O.S.1991, 840.1 and the Merit Rules for Employment regarding his termination.

The trial court granted the motion for summary judgment, finding *Costner v. Oklahoma Army National Guard,* 833 F.2d 905 (10th Cir.1987) applicable and concluded the decision to terminate Appellant's employment was an "internal military decision" and thus, non-reviewable by the trial court. In his Petition in Error, Appellant challenges the dismissal of his tort claims and the summary judgment of his contract claim.

With regard to the dismissal of Appellant's tort claims [1], the record shows Appellant was released from duty on November 6, 1987. Over two years later, he filed his notice of claim under 51 O.S.1991, § 156 on March 29, 1990. Section 156 provides in pertinent part:

A. Any person having a claim against the state or a political subdivision within the scope of this act shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.

B. Claims against the state or a political subdivision are to be presented within ninety (90) days of the date the loss occurs. In the event a claim is presented following ninety (90) days after the loss occurs, but within one (1) year after the loss occurs, any judgment in a lawsuit arising from the act which is the subject of the claim shall be reduced by ten percent (10%). *A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.*

\* \* \* \* \* \*

■ Under this Section, Appellant was required to file his notice of claim within one year after the loss occurred. This he did not do. Appellant contends Appellees should be precluded from raising this limitations period as a bar under the doctrine of equitable estoppel. In his affidavit, Appellant stated he relied on the representations of certain members of the Oklahoma National Guard that he did not have "any rights of appeal" of his termination, that the Adjutant General "was the final authority" in the matter, that

1. The torts he alleges are his wrongful termination by Appellees under the "Whistleblower" provision of the Oklahoma Personnel Act, 74 O.S.1991, § 841.7, which included damages for emotional distress, mental anguish, humiliation and embarrassment and tortious breach of contract.

Appellant had "no options", and that Appellant could only appeal to the Board of Correction of Military Records.

In *Jarvis v. City of Stillwater,* 732 P.2d 470 (Okla.1987), the Court was presented with the question of whether a fact issue existed regarding whether the municipality was estopped by its conduct to assert the time limitations bar against plaintiff's tort claim. In that case, the time bar at issue was the six-month period for filing suit. The Court held:

A fact question as to whether a defendant is estopped from interposing the defense of a time bar is generally raised by a plaintiff's allegations that the defendant had made (a) some assurance of settlement negotiations reasonably calculated to lull the plaintiff into a sense of security and delay action beyond the statutory period, or (b) an express and repeated admission of liability in conjunction with promises of payment, settlement or performance, or (c) any false, fraudulent or misleading conduct or some affirmative act of concealment to exclude suspicion and preclude inquiry, which induces one to refrain from timely bringing an action.

*Jarvis,* at 472–473. See also *Doe v. Independent School District No. I–89,* 780 P.2d 659 (Okla.1988).

▮ In reviewing a motion to dismiss, this Court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them. *Eckel v. Adair,* 698 P.2d 921, 923 (Okla.1984). This review includes a consideration of exhibits attached to pleadings. *Great Plains Federal Savings and Loan As-*

*sociation v. Dabney,* 846 P.2d 1088, nt. 3 (Okla.1993).

▮ Reviewing Appellant's petition and the material submitted with Appellant's response to the dismissal motion, we conclude the allegations regarding estoppel, even if taken as true, do not preclude Appellees from asserting the limitations bar of 51 O.S. 1991, § 156 to Appellant's tort claims. The pleadings and attached materials do not fall within any of the three categories described in *Jarvis.* The Adjutant General's statement that he was the final authority and that Appellant had no other options, was at most, a statement of what the AG believed to be Appellant's legal rights. Further, the statements of which he complains appear to be the various declarants' opinions regarding Appellant's rights *within the military,* not under the Governmental Tort Claims Act. The "special time limitations of the Tort Claims Act are conditions imposed upon the very right to bring the action and are not directed solely to the remedy." *Ceasar v. City of Tulsa,* 861 P.2d 349, 351 (Okla.App. 1993). There being no equitable reason shown why the limitations period should not be enforced, the trial court did not err in dismissing Appellant's tort claims against Appellees.

Next, we address the propriety of the trial court's order sustaining Appellees' motion for summary judgment. As previously noted, the material facts are undisputed. The trial court determined *Costner v. Oklahoma Army National Guard,* 833 F.2d 905 (10th Cir. 1987), applied to the facts in this action and that the decision to terminate Appellant's employment was non-reviewable[2]. Appellant devoted most of his response brief to an

2. In *Costner,* the plaintiff, a member of the National Guard and a civilian technician, challenged the National Guard's decision not to retain him as a technician. He brought an age discrimination claim under federal statutes. The federal district court dismissed the plaintiff's claims holding his claims were not appropriate for judicial review under *Lindenau v. Alexander,* 663 F.2d 68 (10th Cir.1981). The 10th Circuit affirmed the trial court. Costner argued *Lindenau* did not apply to him because he was complaining about his discharge as a civil servant working for the State of Oklahoma, rather than as a military officer. The Court concluded because he was a *member of the Guard,* his dis-

charge still must be analyzed using the two-part test in *Lindenau:* first, the court must determine "whether the case involves an alleged violation of a constitutional right, applicable statute, or regulation, and whether intraservice remedies have been exhausted. If so, the court is then to weigh the nature and strength of the challenge to the military determination, the potential injury to the plaintiff if review is refused, the type and degree of anticipated interference with the military function, and the extent to which military discretion or expertise is involved in the challenged decision." *Costner,* quoting *Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971).

overview of the structure of the U.S. military, concluding Appellant was not a federal employee but a state employee, and therefore, entitled to the protections of the state Personnel Act. Both parties attached material (purportedly military orders of the plaintiff in *Costner*) to prove their positions that Costner was a federal or state employee. This Court's consideration of *Costner* is limited to the published opinion. We cannot delve into material outside of that published decision which may or may not have been considered by that court.

■ After the dismissals, the only claim remaining before the trial court was breach of contract. Appellant contends his military orders into the Active Guard/Reserve constitute an employment contract with the state. He presents no authority for this contention.[3] Even if his contract claim could be characterized as a claim for the violation of the Oklahoma Personnel Act, 74 O.S.1991, § 840.1 et seq., the statutes indicate Appellant is not to be included in these provisions.

Section 840.9 of Title 74 of the Oklahoma Statutes provides:

> The following offices, positions and personnel shall not be considered state employees except as otherwise provided by law:
>
> \*  \*  \*  \*  \*  \*
>
> 4. Officers and members of the Oklahoma National Guard, as such.

Nor has Appellant demonstrated he falls within the class of persons specifically provided for in 44 O.S.1991, § 21.1. He states he is not a classified employee of the Oklahoma Military Department, but is entitled to the protections in Section 21.1 because he was a Guardsman for the state, not in a federalized status. 44 O.S.1991, § 21.1 provides:

3. The Oklahoma Military Department is exempt from the provisions of Article I of the Administrative Procedures Act, 75 O.S.1991, § 250.1–323, to the extent it exercises its responsibility for military affairs. 75 O.S.1991, § 250.4(A)(3). The Military Department is also not required to comply with the provisions of Article II (individual proceedings) of the APA. 75 O.S.1991, § 250.4(B)(14). The order which terminated Ap-

Personnel appointed as state employees in the Military Department shall be in the classified service of the state, except as otherwise provided by law, and shall be subject to the provisions of the Oklahoma Personnel Act concerning appointments, promotions, adverse actions, and all other personnel matters. However, the Adjutant General may establish a requirement for membership in the National Guard as a special requirement for appointment to, and continued employment in, certain positions in the classified service which require special military training, exercise of command authority, direct specified military programs, or perform other functions directly related to administration and training of the National Guard or the maintenance or repair of National Guard facilities, equipment, or supplies. Such designated positions shall include the specified military grade or grades authorized by the Adjutant General for appointment to the position and continued employment therein. *An employee in a designated position who is separated from the National Guard or who does not hold the specified military grade for the position will be reclassified, promoted, demoted, transferred or separated in accordance with the provisions of the Oklahoma Personnel Act and the Merit Rules for Employment.*

Appellant is not an appointed, classified employee of the Military Department nor has he alleged he was appointed to a "designated position" as described in this statute. He is not, under this section of law, entitled to be discharged from the National Guard only under the provisions of the Oklahoma Personnel Act. The general provision in the Oklahoma Personnel Act, 74 O.S.1991, § 840.9(4) controls. Appellant, a member of the Oklahoma National Guard, is not a state employee under the Oklahoma Personnel Act.[4]

pellant's AGR status is therefore not subject to these provisions.

4. See *Ingram v. State*, 786 P.2d 77 (Okla.1990), where a plaintiff brought a personal injury action against the State for injuries received when plaintiff was shot by an Oklahoma Air National Guardsman. The Supreme Court refused to decide whether national guardsman could be considered state employee for purposes of state lia-

Under the two-part test in *Mindes*, supra, footnote 2, the present action does not involve an alleged violation of a constitutional right, applicable statute or regulation. Balancing the interests of the parties, the only interest to Appellant is economic. In Appellant's response brief, he states his contract claim should be construed as a "challenge to the subjective judgment of his superior state commanders in the exercise of their discretion in internal military matters involving personnel management under state law." Inquiry into the National Guard's internal personnel decisions would interfere with military functions and involve the courts in the "sensitive area of military expertise and discretion". *Costner*, at 908. Balancing these interests, the factors favor finding Appellant's "contract" claim nonreviewable.

As there are no disputed material facts regarding the contract claim and Appellees are entitled to judgment as a matter of law, we find no error by the trial court in granting Appellees' motion for summary judgment of Appellant's contract claim. The judgment is therefore, AFFIRMED.

GARRETT, C.J., and ADAMS, J., concur.

bility under the Governmental Tort Claims Act,     concluding his petition stated a cause of action.