[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1677

 VICTOR QUINONEZ-CRUZ, ET AL.,

 Plaintiffs, Appellants,

 v.

 EMILIO DIAZ-COLON, ET AL.,

 Defendants, Appellees.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

Nydia Maria Diaz-Buxo on brief for appellant. 
Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, Deputy 
Solicitor General, and Gustavo A. Gelpi, Assistant to the Attorney 
General, Department of Justice, on brief for appellee Emilio Diaz-
Colon.
Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del 
Rio, Assistant United States Attorney, on brief for appellee United 
States of America.

 

 November 4, 1997
 

 Per Curiam. Victor Quinonez-Cruz appeals from the 

district court's dismissal under Fed. R. Civ. P. 12(b)(6), of

his complaint challenging his separation from the Puerto Rico

National Guard. "In the Rule 12(b)(6) milieu, an appellate

court operates under the same constraints that bind the

district court, that is, we may affirm a dismissal for

failure to state a claim only if it clearly appears,

according to the facts alleged, that the plaintiff cannot

recover on any viable theory. Conley v Gibson, 355 U.S. 41, 

45-48, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957); Dartmouth 

Review, 889 F.2d at 16. In making that critical 

determination, we accept plaintiff's well-pleaded factual

averments and indulge every reasonable inference hospitable

to his case. Gooley, 851 F.2d at 514." Correa-Martinez v. 

Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). 

 I. Civil Rights Claims 

 For the reasons stated by the district court, we agree

that under Wright v. Park, 5 F.3d 587 (1st Cir. 1993), 

Quinonez's civil rights claims for damages are

nonjusticiable. Quinonez argues on appeal that Chapell v. 

Wallace, 462 U.S. 296 (1983) and United States v. Stanley, 

483 U.S. 669 (1987), do not require dismissal of his damages

claims because those claims primarily concern his status as a

civilian National Guard technician. We specifically rejected

an identical argument in Wright, where we held that a 

 -2-

National Guard technician's civilian and military roles are

"inextricably intertwined." Wright, 5 F.3d at 589. 

 Quinonez contends that even if Wright precludes his 

damages claims, the district court erred in dismissing his

claims for injunctive relief. Because Wright did not involve 

a claim for injunctive relief, this court has not yet ruled

on whether Chappell and Stanley bar such relief. Several 

other circuits have ruled that there is no injunctive relief

exception to Chappell, however. See Knutson v. Wisconsin Air 

National Guard, 995 F.2d 765, 771 (7th Cir. 1993); Watson v. 

Arkansas National Guard, 886 F.2d 1004, 1009 (8th Cir. 1989); 

Crawford v. Texas Army National Guard, et al., 794 F.2d 1034, 

1036-37 (5th Cir. 1986); but see Jorden v. National Guard 

Bureau, 799 F.2d 99 (3d Cir. 1986) (holding that Chappell did 

not bar 1983 claim for reinstatement and determining that

under the Third Circuit's "own jurisprudence," the claim was

justiciable).

 As we recently stated in another context, "[t]he courts

have long been reluctant to interfere with internal military

decisionmaking, including personnel decisions. With only

rare exceptions, the courts have taken the view that

assignments within the military structure are matters to be

decided by the military and not by the courts. . . . [T]he

underlying notion is that matters of military organization,

personnel and operations are extremely sensitive and that

 -3-

courts will do more harm than good by interfering." Tirado- 

Acosta v. Puerto Rico National Guard, 118 F.3d 852, 855 (1st 

Cir. 1997). As a result, we decline to entertain claims

seeking reinstatement as a form of injunctive relief because

such a remedy would "intrude on a province committed to the

military's discretion." Knutson, 995 F.2d at 771. 

 Appellants argue that we should take the approach

followed in Penagaricano v. Llenza, 747 F.2d 55, 59 (1st Cir. 

1984), which was overruled in part by Wright, 5 F.3d at 591. 

Even were we to do so, the result would be the same. The

civil rights claims that we dismissed as nonjusticiable in

Penagaricano, including a claim for reinstatement, were 

strikingly similar to Quinonez's claims. Mindful of the

concerns expressed in Chappell, this court applied the 

analysis set forth in Mindes v. Seaman, 453 F.2d 197 (5th 

Cir. 1971), weighing the last two Mindes factors heavily, and 

concluded that Penagaricano's claims constituted a

nonjusticiable military controversy. Penagaricano, 747 F.2d 

at 64. We would do the same in this case. Therefore,

whether judged under Wright or Penagaricano, the district 

court's dismissal of Quinonez's claim for injunctive relief

was correct.

 II. Title VII Claim 

 Quinonez appeals from the district court's dismissal of

his Title VII claims. Title VII prohibits an employer from

 -4-

discriminating against any individual because of that

person's "race, color, religion, sex or national origin." 42

U.S.C. 2000e-2(a). Quinonez's complaint alleges that

defendants discriminated against him because of his age and

political beliefs. Therefore, Quinonez has not stated a

claim for relief under Title VII.

 Even if Quinonez had relied upon the Age Discrimination

in Employment Act ("ADEA"), 29 U.S.C. 621 et seq., he would

not be entitled to relief. See Johnson v. State of New York, 

49 F.3d 75, 78 (2d Cir. 1995) (conduct of the Air National

Guard "is beyond the reach of the ADEA"); Frey v. State of 

California, 982 F.2d 399, 404 (9th Cir. 1993) ("Congress did 

not intend to extend the protections of Title VII or the ADEA

to members of the state National Guard"); Costner v. Oklahoma 

Army National Guard, 833 F.2d 905, 907-08 (10th Cir. 1987) 

(ADEA claim by member of National Guard and civilian

technician was nonreviewable under Mindes); Helm v. State of 

California, 722 F.2d 507, 509 (9th Cir. 1983) (ADEA does not 

apply to military reservists). Therefore, the district court

correctly ruled that Quinonez failed to state a statutory

claim of employment discrimination under federal law.

 The district court judgment dismissing with prejudice

appellants' federal law claims and dismissing without

prejudice the Puerto Rico law claims, is affirmed. See Loc. 

R. 27.1.

 -5-