USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1677 VICTOR QUINONEZ-CRUZ, ET AL., Plaintiffs, Appellants, v. EMILIO DIAZ-COLON, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Nydia Maria Diaz-Buxo on brief for appellant. _____________________ Carlos Lugo-Fiol, Solicitor General, Edda Serrano-Blasini, Deputy ________________ ____________________ Solicitor General, and Gustavo A. Gelpi, Assistant to the Attorney _________________ General, Department of Justice, on brief for appellee Emilio Diaz- Colon. Guillermo Gil, United States Attorney, and Fidel A. Sevillano Del _____________ _______________________ Rio, Assistant United States Attorney, on brief for appellee United ___ States of America. ____________________ November 4, 1997 ____________________ Per Curiam. Victor Quinonez-Cruz appeals from the ___________ district court's dismissal under Fed. R. Civ. P. 12(b)(6), of his complaint challenging his separation from the Puerto Rico National Guard. "In the Rule 12(b)(6) milieu, an appellate court operates under the same constraints that bind the district court, that is, we may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory. Conley v Gibson, 355 U.S. 41, ______ ______ 45-48, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957); Dartmouth _________ Review, 889 F.2d at 16. In making that critical ______ determination, we accept plaintiff's well-pleaded factual averments and indulge every reasonable inference hospitable to his case. Gooley, 851 F.2d at 514." Correa-Martinez v. ______ _______________ Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). __________________ I. Civil Rights Claims ___________________ For the reasons stated by the district court, we agree that under Wright v. Park, 5 F.3d 587 (1st Cir. 1993), ______ ____ Quinonez's civil rights claims for damages are nonjusticiable. Quinonez argues on appeal that Chapell v. _______ Wallace, 462 U.S. 296 (1983) and United States v. Stanley, _______ _____________ _______ 483 U.S. 669 (1987), do not require dismissal of his damages claims because those claims primarily concern his status as a civilian National Guard technician. We specifically rejected an identical argument in Wright, where we held that a ______ -2- National Guard technician's civilian and military roles are "inextricably intertwined." Wright, 5 F.3d at 589. ______ Quinonez contends that even if Wright precludes his ______ damages claims, the district court erred in dismissing his claims for injunctive relief. Because Wright did not involve ______ a claim for injunctive relief, this court has not yet ruled on whether Chappell and Stanley bar such relief. Several ________ _______ other circuits have ruled that there is no injunctive relief exception to Chappell, however. See Knutson v. Wisconsin Air ________ ___ _______ _____________ National Guard, 995 F.2d 765, 771 (7th Cir. 1993); Watson v. ______________ ______ Arkansas National Guard, 886 F.2d 1004, 1009 (8th Cir. 1989); _______________________ Crawford v. Texas Army National Guard, et al., 794 F.2d 1034, ________ _________________________________ 1036-37 (5th Cir. 1986); but see Jorden v. National Guard ___ ___ ______ ______________ Bureau, 799 F.2d 99 (3d Cir. 1986) (holding that Chappell did ______ ________ not bar 1983 claim for reinstatement and determining that under the Third Circuit's "own jurisprudence," the claim was justiciable). As we recently stated in another context, "[t]he courts have long been reluctant to interfere with internal military decisionmaking, including personnel decisions. With only rare exceptions, the courts have taken the view that assignments within the military structure are matters to be decided by the military and not by the courts. . . . [T]he underlying notion is that matters of military organization, personnel and operations are extremely sensitive and that -3- courts will do more harm than good by interfering." Tirado- _______ Acosta v. Puerto Rico National Guard, 118 F.3d 852, 855 (1st ______ ___________________________ Cir. 1997). As a result, we decline to entertain claims seeking reinstatement as a form of injunctive relief because such a remedy would "intrude on a province committed to the military's discretion." Knutson, 995 F.2d at 771. _______ Appellants argue that we should take the approach followed in Penagaricano v. Llenza, 747 F.2d 55, 59 (1st Cir. ____________ ______ 1984), which was overruled in part by Wright, 5 F.3d at 591. ______ Even were we to do so, the result would be the same. The civil rights claims that we dismissed as nonjusticiable in Penagaricano, including a claim for reinstatement, were ____________ strikingly similar to Quinonez's claims. Mindful of the concerns expressed in Chappell, this court applied the ________ analysis set forth in Mindes v. Seaman, 453 F.2d 197 (5th ______ ______ Cir. 1971), weighing the last two Mindes factors heavily, and ______ concluded that Penagaricano's claims constituted a nonjusticiable military controversy. Penagaricano, 747 F.2d ____________ at 64. We would do the same in this case. Therefore, whether judged under Wright or Penagaricano, the district ______ ____________ court's dismissal of Quinonez's claim for injunctive relief was correct. II. Title VII Claim _______________ Quinonez appeals from the district court's dismissal of his Title VII claims. Title VII prohibits an employer from -4- discriminating against any individual because of that person's "race, color, religion, sex or national origin." 42 U.S.C. 2000e-2(a). Quinonez's complaint alleges that defendants discriminated against him because of his age and political beliefs. Therefore, Quinonez has not stated a claim for relief under Title VII. Even if Quinonez had relied upon the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 et seq., he would not be entitled to relief. See Johnson v. State of New York, ___ _______ _________________ 49 F.3d 75, 78 (2d Cir. 1995) (conduct of the Air National Guard "is beyond the reach of the ADEA"); Frey v. State of ____ _________ California, 982 F.2d 399, 404 (9th Cir. 1993) ("Congress did __________ not intend to extend the protections of Title VII or the ADEA to members of the state National Guard"); Costner v. Oklahoma _______ ________ Army National Guard, 833 F.2d 905, 907-08 (10th Cir. 1987) ___________________ (ADEA claim by member of National Guard and civilian technician was nonreviewable under Mindes); Helm v. State of ______ ____ ________ California, 722 F.2d 507, 509 (9th Cir. 1983) (ADEA does not __________ apply to military reservists). Therefore, the district court correctly ruled that Quinonez failed to state a statutory claim of employment discrimination under federal law. The district court judgment dismissing with prejudice appellants' federal law claims and dismissing without prejudice the Puerto Rico law claims, is affirmed. See Loc. ________ ___ R. 27.1. -5-