SAWYER v. KELLY.

No. 31509.   Sept. 26, 1944.

Rehearing Denied Nov. 21, 1944.

*153 P. 2d 97.*

F. J. Lucas, of Tulsa, for plaintiff in error.

Valjean Biddison and Floyd L. Rheam, both of Tulsa, for defendant in error.

PER CURIAM. This action was instituted originally in a justice of the peace court of Tulsa county by Clyde Kelly, hereinafter referred to as plaintiff, against Almon Sawyer, hereinafter referred to as defendant, to recover the sum of $166.54, as damages for injuries to an automobile sustained in a collison between the automobile and a horse which was being ridden by a minor son of the defendant. The injuries to the automobile were alleged to have been sustained as the result of negligence of defendant in permitting his minor son to ride the horse with only a halter with which to control the animal. The defendant denied being the owner of the horse and denied that he had been negligent in the respect charged or in any other respect. A demurrer to the evidence of plaintiff was sustained in the justice of the peace court and the plaintiff appealed to the court of common pleas, where a trial de novo was had to a jury. The evidence adduced at the trial disclosed, substantially, that plaintiff was driving his automobile in the vicinity of Tulsa when a horse which was being ridden by a minor son of defendant ran into the automobile with considerable damage to said vehicle; that the horse was being ridden by the boy with only a halter to guide the animal and that defendant had permitted the boy to mount the animal so equipped for the purpose of taking it to a near-by stable. Demurrer of defendant to the evidence of plaintiff was overruled and exceptions saved. Thereupon defendant introduced evidence to establish the fact that the horse belonged to his minor son and that the horse was gentle and that in the transaction the child was not engaged in doing something at the direction of the defendant. At the close of all of the evidence defendant moved for directed verdict, and when this was denied, saved exceptions thereto. The jury returned a verdict in favor of plaintiff and assessed his recovery at the amount sued for. Judgment followed verdict, and defendant has perfected this appeal.

As grounds for reversal the defendant assigns six specifications of error, which he presents under the following propositions:

"1. In Oklahoma a parent is not liable for the tort of his minor child and before a parent can be held liable for the tort of his minor child the relationship of principal and agent, or master and servant must exist, and at the time of the accident the child must be acting in the scope of his authority as agent.

"2. Before plaintiff would be entitled to recover in this case the burden was on plaintiff to show vicious traits of the horse in question to run away and that the defendant had knowledge of the vicious propensities of the horse before the accident.

"3. The trial court committed error by giving instruction No. 3 and in failing to instruct the jury before the plaintiff could recover, the burden was on plaintiff to show the vicious traits of horse to run away and that the owner had knowledge of such fact."

Under the first proposition the defendant takes the position that it was necessary to establish the relation of master and servant or principal and agent before he could be held liable for the tortious act of his minor child. In support of the contention so made, our attention is directed to 10 O. S. 1941 § 20; Jamar v. Brightwell, 162 Okla. 124, 19 P. 2d 366; McCullough v. Harshman, 99 Okla. 262, 226 P. 553. An examination of the statute and cases cited will reveal that while they are authority for the rule that neither parent nor child is answerable as such for the act of the other, they are wholly inapplicable to the situation presented in the case at bar. Plaintiff is seeking to recover for the negligence of the defendant in permitting his minor child to ride the horse without sufficient means of keeping the animal under control and not for tort of the child. That the parent of a minor child may be called on to respond for his own negligence in permitting the child to do something which the parent as a reasonably prudent person should know might be dangerous is well settled. Coker v. Moose, 180 Okla. 234, 68 P. 2d 504. There was evidence from which the jury could find that the act of the defendant was negligent in the premises. Under such circumstances the issue is one of fact to be determined by the jury, and where the finding of the jury thereon is reasonably supported by evidence in the record, it will not be disturbed by this court. Coker v. Moose, supra; Wray v. Ferris, 187 Okla. 428, 103 P. 2d 942, 128 A.L.R. 1079; Oklahoma City v. Hayden, 169 Okla. 502, 37 P. 2d 642.

It is next contended that before the plaintiff could recover he had to prove that the horse had a propensity to run away and that this was known to the defendant. This contention is wholly lacking in merit. The gist of plaintiff's action was the negligence of the defendant as above stated and not injury resulting from the keeping of an animal of known vicious tendencies or propensities.

It is finally contended that the court erred in giving instruction No. 3. The vice in the instruction is said to consist in the failure to advise the jury that before the plaintiff could recover he had to establish scienter of the vicious propensity of the horse to run away. This contention is likewise without merit. While there were allegations in the bill of particulars to the effect that the horse was vicious and had tendency to run away, there was no evidence offered at the trial to substantiate such theory and the cause was submitted to the jury upon the issue of negligence in permtiting the boy to ride the animal with only a halter to guide it. Under these circumstances any instruction relative to the vicious character of the animal was wholly unnecessary. We have examined the record and the instructions and it appears that the cause was fairly tried upon instructions which were fundamentally correct. No reversible error has been made to appear.

Plaintiff calls attention to the bond executed on appeal and requests judgment thereon. No valid reason appears why this request should not be granted; the plaintiff therefore is given judgment against the sureties named in the bond for the sum of $166.54, with interest thereon at 6 per cent from December 11, 1942, and costs of the action, for which let execution issue out of the court of common pleas of Tulsa county.

Judgment affirmed.

GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN, J., concurs in conclusion. CORN, C.J., dissents.