2002 OK CIV APP 47

Christine JOHNSON, individually former-
ly Christine Ennis, as mother and next
of friend of Garrett Ennis, a minor and
as personal representative of the Estate
of Jacob Isaiah Ennis, a minor, Plain-
tiff/Appellant,

v.

Yvonne FINE, M.D., Defendant/Appellee.

No. 96,991.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Jan. 18, 2002.

Certiorari Denied March 26, 2002.

Brently C. Olsson, Oklahoma City, OK, for Plaintiff/Appellant.

J. Roger Hurt, R. Ben Houston, Oklahoma City, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Christine Johnson filed this action in district court against defendant Yvonne Fine, M.D.[1] for wrongful death and medical malpractice. She alleged that on June 13, 1998, her two minor sons were riding in a car driven by their father, Robert Ennis, who crossed left of center and struck another vehicle in a head-on collision, severely injuring his son Garrett and killing his other son, Jacob.

¶ 2 Plaintiff claimed that at the time of the accident, Robert Ennis was under the influence of Xanax and Methadone which impaired his judgment and his ability to operate the motor vehicle. She alleged Dr. Fine was negligent in continuing to prescribe Xanax to Robert Ennis, knowing that he was also taking Methadone in a drug rehabilitation program. She further claimed Dr. Fine was negligent in prescribing Xanax without warning Mr. Ennis of the consequences of combining the drugs. Such negligence, she argued, significantly contributed to the cause of the accident and the resulting damages.

¶ 3 Dr. Fine answered and set out as one affirmative defense that the claims involved unforeseeable plaintiffs to whom no legal duty was owed, as the children and their mother were not her patients. She then filed a motion for summary judgment based on this single affirmative defense. The trial court agreed and granted her motion dismissing the action. Plaintiff appeals to this Court.[2]

¶ 4 In reviewing an order granting summary judgment, the appellate standard of review is de novo. This Court, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Kirkpatrick v. The Chrysler Corporation*, 1996 OK 136, 920 P.2d 122. Summary judgment is an appropriate remedy when the moving party is entitled to judgment as a matter of law. *Buckner v. General Motors Corporation*, 1988 OK 73, 760 P.2d 803.

¶ 5 In any negligence action, the first item that a plaintiff must establish is that the defendant owed a duty to that plaintiff to protect him or her from the alleged injury. The duty of the defendant is a threshold question of law to be determined by the court. *Haas v. Firestone Tire and Rubber Co.*, 1976 OK 178, 563 P.2d 620. The facts here are uncontroverted. The only issue is one of law, that of a duty owed to third party non-patients that are allegedly injured as a result of a physician's negligence in prescribing medication to a patient.[3]

¶ 6 Both parties point to decisions from other jurisdictions supporting their views. Oklahoma has never addressed this precise issue. However, Oklahoma decisions have carved out two similar exceptions to the general rule of non-liability to third parties for an actor's negligence. In *Wofford v. Eastern State Hospital*, 1990 OK 77, 795 P.2d 516, Mrs. Wofford sued the psychiatric hospital for damages she sustained when her adult son, who had been a patient at the hospital, killed his stepfather (her husband), two years after the hospital had discharged the son. Mrs. Wofford claimed the hospital was negli-

---

**1.** Plaintiff originally included Orange Quarters, Inc., an Oklahoma corporation d/b/a Life Improvement Center as a defendant, but early in the action dismissed it as a defendant.

**2.** The appeal is filed without appellate briefs in conformance with the procedures for the appel-

late accelerated docket, Rule 1.203, Rules of Civil Appellate Procedure, 12 O.S.1991 Ch. 15, App.2.

**3.** Dr. Fine admits it is a question of fact whether she was negligent if a duty is found.

gent in releasing her son and in failing to supervise him after he was released.

¶ 7 In concluding that the hospital might have had a duty to Mrs. Wofford to use ordinary care in releasing her son, the Court recognized an exception to the common law rule that a person has no duty to prevent a third person from injuring another, *i.e.,* where "a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct." *Wofford,* 1990 OK 77, ¶ 9, 795 P.2d at 518. Nevertheless, the Court concluded the hospital had no duty under the circumstances of that case because the son's actions occurred too remote in time from his release to have been legally foreseeable by the hospital.

¶ 8 The most important consideration in the determination of whether a duty exists is foreseeability; the general rule is that a "defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which make the conduct unreasonably dangerous." Foreseeability establishes a "zone of risk," that is, whether the conduct "creates a generalized and foreseeable risk of harming others." *Delbrel v. Doenges Bros. Ford, Inc.,* 1996 OK 36, 913 P.2d 1318, 1321. "Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." *Fuller v. Pacheco,* 2001 OK CIV APP 39, 21 P.3d 74. This concept has been applied to enforce dram shop liability for a commercial vendor who provided alcoholic beverages to a noticeably intoxicated person who then injured a third party because of his intoxication. *Brigance v. Velvet Dove Restaurant, Inc.,* 1986 OK 41, 725 P.2d 300. The Supreme Court in *Brigance* adopted the Restatement (Second) of Torts §§ 308, 390 (1965).[4]

¶ 9 At first blush, the foreseeability analysis underlying *Wofford, Brigance,* and *Delbrel* might be seen to support the existence of duty under these circumstances. However, foreseeability is not the sole criterion in this area. For example, even though it seems that the risk to others by an intoxicated driver is foreseeable to any person furnishing an alcoholic beverage to a noticeably intoxicated person, as in *Brigance,* without regard to the characterization of the person furnishing the beverage, the Oklahoma Supreme Court refused to impose a *Brigance* duty on persons who were not commercial vendors of alcoholic beverages in *McGee v. Alexander,* 2001 OK 78, 37 P.3d 800.. In refusing to adopt social host liability, the Court noted the sweeping societal implications which might result from imposing such liability.

¶ 10 Extending a physician's duty beyond the patient presents similar concerns. *Wofford* extended that duty only under very narrow circumstances presented by the special relationship between a psychiatric patient and the physician or hospital providing care. Duty depends upon the relationship between the parties. The circumstances presented here do not call for an expansion of the principles underlying *Wofford.* Accordingly, we hold the trial court did not err in granting Dr. Fine's motion for summary judgment and finding in these circumstances, as a matter of law, Dr. Fine did not owe a duty to Plaintiff.

¶ 11 AFFIRMED.

¶ 12 ADAMS, J., concurs; JONES, J., sitting by designation, concurs.

---

4. Section 308 states:
   It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Section 390 states:
   One supplies ... a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience or otherwise to use it in a manner involving unreasonable risk of physical harm to himself and others ... is subject to liability for physical harm resulting to them.