(a) in giving improper or ambiguous orders of [sic] in failing to make proper regulations; or
(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
(c) in the supervision of the activity; or
(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.[8]
Particularly relevant to the case before us, comment h to § 213 provides:
h . Concurrent negligence of master and servant. In addition to liability under the rule stated in this Section, a master may also be subject to liability if the act occurs within the scope of employment . See §§ 219-267. In a given case the employer may be liable both on the ground that he was personally negligent and on the ground that the conduct was within the scope of employment. In such cases, the fact that the employer was personally negligent may be important, however, in jurisdictions in which punitive damages are awarded. See § 217C. Likewise an employer may be subject to a penalty. See § 217D. Furthermore, in actions in which both the employer and the employee are joined because of conduct of the employee, a verdict finding the employee not liable and the employer liable may be supported if there is evidence of personal negligence on the part of the employer. See § 217B.[9]
*321 ¶ 10 Van Eaton makes several arguments in support of its position that as a matter of law, any theory of direct liability against an employer, including negligent entrustment, must be dismissed when the employer stipulates that an employee was in the course and scope of employment at the time of the accident. First, Van Eaton argues that if both a respondeat superior and a negligent entrustment claim are allowed to proceed simultaneously, the employee driver will be prejudiced if evidence of his prior bad acts is allowed to be heard by the jury. In McCarley v. Durham, 1954 OK 35, 266 P.2d 629, this Court found it was not error to admit evidence of a pre-accident record to prove knowledge in a negligent entrustment action, even though the evidence might have been inadmissible against the driver to prove negligence in causing the accident. See also Green v. Harris, 2003 OK 55, ¶ 18, 70 P.3d 866, 870. The trial courts of this state regularly determine when relevant evidence is inadmissible because its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise." 12 O.S. 2011 § 2403. Parties to a case may also request, and the trial court can give, a limiting instruction explaining what a jury may or may not infer from a particular piece of evidence. See, e.g., Tansy v. Dacomed Corp., 1994 OK 146, n.7, 890 P.2d 881, 890. The case before us has yet to be tried to a jury. Van Eaton's argument in this regard is an evidentiary issue to be dealt with in the first instance by the trial court if and when the case goes to trial; it does not require dismissal of the negligent entrustment claim as a matter of law.
¶ 11 In that same vein, Van Eaton also argues that because punitive damages could be awarded for the respondeat superior claim, the Plaintiff cannot assert an additional punitive damages claim against Van Eaton for her negligent entrustment claim. Again, as this Court has noted, "[w]hen recovery against the employer for an act of his servant is rested on prior knowledge of the servant's propensity to commit the very harm for which damages are sought, the basis of liability invoked is not respondeat superior but rather the employer's own negligence in not discharging the unfit servant." Dayton, 1980 OK 193, ¶ 17, 621 P.2d at 1161. Whether the employer's prior knowledge rises to the level of gross negligence is a fact issue to be determined in the course of the litigation. Id. In contrast, punitive or exemplary damages may be assessed against an employer under the doctrine of respondeat superior if an employee's conduct "would serve to justify an exemplary damages award against the employee as an individual tortfeasor." Thiry v. Armstrong World Inds., 1983 OK 28, ¶ 9, 661 P.2d 515, 520 ; see also Bierman v. Aramark Refreshment Servs., Inc., 2008 OK 29, ¶ 19, 198 P.3d 877, 884. Thus, an employer's exposure to punitive damages "could differ significantly based on whether the focus of the punitive damages inquiry was the wrongful [or] negligent conduct of the agent or the negligent conduct of the employer." Chamberlain v. Thomas, No. 5:11-cv-01430-HE, 2012 WL 4355908, at *1 (Sept. 24, 2012). In addition, "that focus might well impact ... the question of what evidence is admissible to establish the basis for punitive damages." Id.
¶ 12 The Plaintiff may "invoke and advance all affordable theories in a single trial." Smedsrud v. Powell, 2002 OK 87, n.32, 61 P.3d 891, 897 ; see also 12 O.S. 2011 § 2008(e)(2) (allowing a litigant "not only to plead inconsistently, but also be allowed to rely on inconsistent theories or defenses throughout trial " (emphasis added) ). "Not until all proof has been adduced may the trial court eliminate from submission theories unsupported by evidence." Powell, 2002 OK 87, ¶ 18, 61 P.3d at 898. "If there is proof to support multiple theories, all must be submitted under proper instructions." Id. While our law is clear that "inconsistent judgments or double recovery may not be permissible , [a] party is not prevented from fully litigating *322 the inconsistent theories or defenses at trial."[10] Again, trial courts across the state regularly instruct juries that "no double recovery is allowed for the same injury."[11] Therefore, we conclude that Van Eaton's argument in this regard is also an evidentiary issue to be dealt with in the first instance by the trial court and does not require dismissal of the negligent entrustment claim as a matter of law.
¶ 13 Finally, Van Eaton argues that this Court's decision in Jordan v. Cates, 1997 OK 9, 935 P.2d 289, requires dismissal of the negligent entrustment claim. In Jordan, a customer went into a convenience store, and an altercation ensued between the customer and an employee of the store. The customer sued the employee for battery and alleged that the convenience store was vicariously liable for the acts of its employee under the doctrine of respondeat superior. The customer also alleged the convenience store was negligent in hiring and retaining the employee because the store knew or should have known the employee had violent tendencies. The store stipulated the altercation occurred while its employee was acting in the course and scope of employment, and we said that "[w]hen an employer stipulates that an employee is acting within the scope of employment at the time of the altercation and punitive damages are available against it under a theory of respondeat superior, an additional claim for negligent hiring exposes the employer to no additional liability." Id., ¶ 21, 935 P.2d at 294.
¶ 14 The facts in Jordan are distinguishable from the case at bar because Jordan involved a battery claim against the employee and a negligent hiring claim against the employer. Because the Plaintiff in this case did not appeal the district court's dismissal of the negligent hiring claim, we need not determine whether a negligent hiring claim should be treated differently than a negligent entrustment claim.[12] Upon consideration, we conclude that an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine. An employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim.
¶ 15 At the motion to dismiss stage, a court must "take all factual allegations in the petition as true and draw all reasonable inferences therefrom." Cates, 2018 OK 9, ¶ 7, 412 P.3d at 101. "If relief is possible under any set of facts that can be gleaned from the petition, the motion to dismiss should be denied." Id., ¶ 7, 412 P.3d at 101. Because Plaintiff Donna Fox alleged sufficient facts, which if taken as true, might entitle her to relief on her negligent entrustment claim, we conclude the trial court correctly denied Van *323 Eaton's motion to dismiss with regard to the negligent entrustment claim.
Conclusion
¶ 16 Employers employing unfit and unqualified drivers cannot insulate themselves from a negligent entrustment claim simply by stipulating that the employee driver was acting in the course and scope of employment. The Plaintiff has the right to determine the facts she will allege and the claims she will pursue.[13] Van Eaton does not get to make that choice for her by stipulating that its employee was in the course and scope of employment at the time of the accident. The trial court's denial of Van Eaton's motion to dismiss the negligent entrustment claim is affirmed, and the case is remanded to the trial court for further proceedings consistent with today's pronouncement.
AFFIRMED
¶ 17 ALL JUSTICES CONCUR.

Restatement (Second) of Agency § 213. Although this Court has not formally adopted the Restatement, we have cited § 213 with approval on several occasions. Schovanec v. Archdiocese of Okla. City, 2008 OK 70, ¶ 35, 188 P.3d 158, 169-70 ; Mistletoe Exp. Serv., Inc. v. Culp, 1959 OK 250, ¶ 30, 353 P.2d 9, 16. Comment d to § 213 provides in relevant part:
Liability results under the rule stated in this Section, not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment . The employer is subject to liability only for such harm as is within the risk. If, therefore, the risk exists because of the quality of the employee, there is liability only to the extent that the harm is caused by the quality of the employee which the employer had reason to suppose would be likely to cause harm.
Restatement (Second) of Agency § 213 cmt. d (emphasis added).
Van Eaton cites to the Restatement (Second) of Torts § 317, which provides in part that "[a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if" the servant "is using a chattel of the master," and the master "knows or has reason to know that he has the ability to control his servant," and "knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts § 317.
However, the first comment to § 317 specifically states that "[t]he rule stated in this Section is applicable only when the servant is acting outside the scope of his employment . If the servant is acting within the scope of his employment, the master may be vicariously liable under the principles of the law of Agency." Id. (emphasis added).

Restatement (Second) of Agency § 213 (emphasis added). The illustration to comment h provides:
10. P employs A as his chauffeur. Thereafter, A periodically gets drunk, as P, in the exercise of reasonable care, should know. While using P's car on P's business, A gets drunk and runs into T with the car. P may be liable to T, aside from his liability as master.
Id.

Howell v. James, 1991 OK 47, ¶ 11, 818 P.2d 444, 447. In Howell, this Court discussed the viability of the election of remedies doctrine after the enactment of the Oklahoma Pleading Code in 1984. As it pertains to Van Eaton's argument, the Court in Howell, found that the Oklahoma version of Federal Rule 8(e)(2) was very similar "with one important exception." Id., ¶ 11, 818 P.2d at 447. The Court found that the Oklahoma rule, § 2008(e)(2), contained additional language that "clarifie[d] the intent of the legislature that a litigant be allowed not only to plead inconsistently, but also be allowed to rely on inconsistent theories or defenses throughout trial." Id.; see also Specialty Beverages v. Pabst Brewing Co., 537 F.3d 1165 (10th Cir. 2008) ("Oklahoma law is well settled on this point. While a party may not obtain double recovery, election of remedies is not required."). We also note that in Saul, 1962 OK 181, ¶ 11, 375 P.2d at 929, we said that the theories of negligent entrustment and respondeat superior were "cumulative, conjunctive, and consistent, rather than repugnant or inconsistent."

Houck v. Hold Oil Corp., 1993 OK 166, ¶ 37, 867 P.2d 451, 461 ; see also Kraszewski v. Baptist Med. Ctr. of Okla., Inc., 1996 OK 141, n.2, 916 P.2d 241, 243 n.2 ("Double recoveries are not permitted under the law.").

We recognize the tension in our case law in this regard. As one federal district court has stated: "It is difficult to discern a persuasive basis for treating a claim for negligent entrustment differently from a claim for negligent hiring" because both "presumably rely on the employer's own acts or negligence." Warner, 5:16-cv-00305-HE (Feb. 10, 2017). However, the issue is not currently before us on appeal. We do take this opportunity, however, to expressly state that, for now, the holding in Jordan is limited to its facts.

The plaintiff is the " 'master of the complaint.' " Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ).