SNOW v. TRAVELCENTERS OF AMERICA
2023 OK CIV APP 8
527 P.3d 741
Case Number: 119143
Decided: 07/12/2022
Mandate Issued: 03/24/2023
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2023 OK CIV APP 8, 527 P.3d 741

 

GARY SNOW as Court Appointed Personal Representative of the Estate of Wanda Perry and GARY SNOW, as Court Appointed Personal Representative of the Estate of A.P., a Deceased Minor Child, Plaintiffs/Appellants,
v.
TRAVELCENTERS OF AMERICA LLC d/b/a TA Sayre # 152, TA OPERATING LLC d/b/a TravelCenters of America d/b/a TA Sayre # 152, SHELBY NICOLE SANDOVAL (an Employee of TravelCenters of America, LLC), JASMINE THOMASINA NOEMI FOOTE (an Employee of TravelCenters of America, LLC), Defendants/Appellees,
and
AUNTRA LAWAN EDMONDS, Defendant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE DON ANDREWS, TRIAL JUDGE

AFFIRMED

John Branum, Jessica S. Ladd, BRANUM LAW FIRM, PLLC, Oklahoma City, Oklahoma,
and
Bryce Johnson, Sherman A. Reed, JOHNSON & BISCONE, P.A., Oklahoma City, Oklahoma
and
John P. Zelbst, Chandra L. Holmes Ray, ZELBST, HOLMES & BUTLER, Lawton, Oklahoma
and
MaryGaye LeBoeuf, Oklahoma City, Oklahoma, for Plaintiffs/Appellants

Kerry R. Lewis, Nathan E. Clark, RHODES, HIERONYMUS, JONES, TUCKER & GABLE, P.L.L.C., Tulsa, Oklahoma, for Defendants/Appellees

JOHN F. FISCHER, CHIEF JUDGE:

¶1 This case concerns an automobile accident caused by defendant Auntra Lawan Edmonds which resulted in the deaths of Wanda Perry and her one-year-old granddaughter, A.P. Gary Snow, as Court Appointed Personal Representative of the Estate of Wanda Perry and the Estate of A.P., a Deceased Minor Child, sued Edmonds, TravelCenters of America, LLC, d/b/a TA Sayre # 152, TA Operating LLC d/b/a TravelCenters of America d/b/a TA Sayre # 152 (collectively TravelCenters), and its employees Shelby Nicole Sandoval and Jasmine Thomasina Noemi Foote. The accident occurred after Edmonds purchased motor fuel from a TravelCenters store where Sandoval and Foote were working. Plaintiffs alleged that TravelCenters and its employees were negligent in selling motor fuel to Edmonds because he was intoxicated at the time. TravelCenters filed a motion to dismiss arguing that the Plaintiffs' petition failed to state a cause of action. The Plaintiffs appeal the judgment entered in favor of TravelCenters, Sandoval and Foote granting TravelCenters' motion to dismiss.

¶2 As stated in the Plaintiffs' petition in error, the single issue raised by this appeal is whether a retail vendor of motor fuel has a duty "to refrain from selling motor fuel to a noticeably intoxicated person who the vendor knows or should have known is driving the motor vehicle for which the fuel is purchased." The duty the Plaintiffs seek has yet to be recognized in Oklahoma's statutory or common law. We affirm the dismissal of the Plaintiffs' petition.

BACKGROUND

¶3 The allegations in the Plaintiffs' petition assert the following as the facts forming the basis for their negligence claim against TravelCenters, Sandoval and Foote:

1. Edmonds, who was intoxicated at the time, drove his automobile to TravelCenters Store # 152 in Sayre;

2. Edmonds left his girlfriend, who was also intoxicated, in the automobile and went inside to pre-pay for gasoline;

3. Inside the store, Edmonds spoke with two attendants working there, Sandoval and Foote;

4. Edmonds was "noticeably, observably, obviously intoxicated," and Sandoval and Foote observed that Edmonds was intoxicated;

5. Edmonds expressly told them he had been drinking;

6. Sandoval and Foote "recklessly and negligently" sold Edmonds gasoline;

7. Edmonds pumped the gasoline into his automobile and drove away from the TravelCenters store;

8. Later, Edmonds was speeding through Mangum, Oklahoma, when he ignored a stop sign, lost control of his automobile, careened off the roadway, and ran over Perry, who was standing in her yard holding A.P., killing both of them.

¶4 Edmonds eventually was convicted of manslaughter for causing the deaths of Perry and A.P., and sentenced to life imprisonment. The Plaintiffs obtained a default judgment as to liability against Edmonds with the amount of damages reserved for later determination. That judgment is not at issue in this appeal.

¶5 The Plaintiffs' petition alleges three theories of recovery against TravelCenters, Sandoval and Foote: (1) negligence, (2) negligent entrustment, and (3) negligent hiring, supervision and training. In addition, the petition alleges that Sandoval and Foote were acting within the scope of their employment with TravelCenters when they negligently sold motor fuel to a noticeably intoxicated Edmonds and that they were negligent in entrusting motor fuel to Edmonds, given his obviously intoxicated condition.

¶6 TravelCenters filed a motion to dismiss pursuant to 12 O.S.2011 § 2012

¶7 On January 8, 2020, the Plaintiffs filed a Motion to Reconsider or Revisit, pointing out that no appealable order had been issued by the court since the January 25, 2019 hearing on TravelCenters' motion to dismiss. The Plaintiffs also argued that the district court erred in: (1) finding that "gas stations owe no duty to abstain from selling gas to drunk customers," and (2) in granting TravelCenters' motion to dismiss. Relying on Title 76 O.S.2011 § 1knew he was unsafe to drive."

¶8 As reflected in its September 21, 2020 judgment, the district court overruled the Plaintiffs' motion to revisit the January 25, 2019 ruling, granted TravelCenters' motion to dismiss and entered judgment in favor of TravelCenters, Sandoval and Foote. Even though the Plaintiffs' claim against Edmonds had not been completely resolved by that date, the district court found no just reason for delay and directed that the judgment in favor of TravelCenters, Sandoval and Foote be entered as a final judgment pursuant to 12 O.S.2011 § 994

PROCEDURAL ISSUE

¶9 Although the district court sustained TravelCenters' motion to dismiss when it was heard on January 25, 2019, that ruling was not "reduced to writing in conformance with Section 696.3 . . . signed by the court, and filed with the court clerk" at that time. 12 O.S.2011 § 696.212 O.S.2011 § 994

¶10 A district court ruling which lacks finality and appealability "is but an intermediate order in the case, [and remains] within the trial judge's complete control to modify or alter at any time before judgment." LCR, Inc. v. Linwood Props., 1996 OK 73918 P.2d 1388request for reconsideration of an intermediate ruling in the case." Id. (emphasis in original). The Plaintiffs' motion to reconsider was not filed after entry of a "judgment, decree or appealable order." See 12 O.S.2011 § 65112 O.S.2011 § 103112 O.S. Supp. 2013 § 1031.1Andrew v. Depani-Sparkes, 2017 OK 42396 P.3d 210

¶11 However, the Plaintiffs' motion did result in the entry of a judgment in favor of TravelCenters, Sandoval and Foote, dismissing the Plaintiffs' petition as to them. That judgment is the subject of the Plaintiffs' appeal.

STANDARD OF REVIEW

¶12 "An order dismissing a case for failure to state a claim upon which relief can be granted is subject to de novo review." Tuffy's, Inc. v. City of Okla. City, 2009 OK 4212 P.3d 1158Rogers v. Quiktrip Corp., 2010 OK 3230 P.3d 853Kirby v. Jean's Plumbing Heat & Air, 2009 OK 65222 P.3d 21Id. The movant bears the burden of demonstrating that the petition is legally insufficient. Tuffy's, 2009 OK 4Id.; Fanning v. Brown, 2004 OK 785 P.3d 841

ANALYSIS

¶13 The Plaintiffs' cause of action is based on two theories of liability. First, they rely on Oklahoma's dram shop liability cases.Brigance v. Velvet Dove Restaurant, Inc., the case that established "dram shop liability" in Oklahoma, held that "one who sells intoxicating beverages for on the premises consumption has a duty to exercise reasonable care not to sell liquor to a noticeably intoxicated person." Brigance, 986 OK 41, ¶ 17, 725 P.2d 300Brigance to include retail vendors of motor fuel.

¶14 Second, the Plaintiffs rely on well-established principles of common law to argue that a retail vendor should have a duty to refuse to sell motor fuel to an intoxicated automobile driver. Principally, the Plaintiffs cite Oklahoma negligent entrustment law and seek to extend that liability to retail vendors who "entrust" motor fuel to an intoxicated driver.

¶15 TravelCenters' motion to dismiss argued that neither of these theories of liability has been recognized in Oklahoma. TravelCenters' motion was decided on the basis of the question of law raised in this appeal: Does a retail vendor have a duty to refrain from selling motor fuel to a driver for immediate use by the driver in an automobile if the vendor knows or should know that the driver is intoxicated?

I. Negligence

¶16 Both of the Plaintiffs' tort-based theories of liability are derived from the law of negligence. The necessary elements of a negligence claim are well known: "(1) a duty owed by the defendant to protect plaintiff from injury (2) failure to fulfill that duty and (3) injuries to plaintiff proximately caused by defendant's failure to meet the duty." Fargo v. Hays-Kuehn, 2015 OK 56352 P.3d 1223Haas v. Firestone Tire & Rubber Co., 1976 OK 178563 P.2d 620Hensley v. State Farm Fire and Cas. Co., 2017 OK 57398 P.3d 11Palsgraf v. Long Island Ry. Co., 248 N.Y. 339, 345, 162 N.E. 99, 100-101 (1928)). "One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person." Palsgraf, 248 N.Y. 339, 345, 162 N.E. 99, 103 (1928).

¶17 Whether the defendant owes a duty to a particular plaintiff is a question of law. Delbrel v. Doenges Bros. Ford, Inc., 1996 OK 36913 P.2d 1318. "The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obligation of reasonable conduct for the benefit of the plaintiff." Id.

A. Duty

¶18 The determination that a defendant owes a duty in a particular situation is "'an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" Wofford v. Eastern State Hosp., 1990 OK 77795 P.2d 516Id. ¶ 11 (citing Tarasoff v. Regents of Univ. of Cal., 17 Cal. 3d 425, 131 Cal. Rptr. 14, 22, 551 P.2d 334, 342 (1976)).

¶19 "Foreseeability as an element of duty of care creates a 'zone of risk' and is a minimum threshold legal requirement" to state a cause of action for negligence. Delbrel v. Doenges Bros. Ford, Inc., 1996 OK 36913 P.2d 1318Iglehart v. Bd. of Cty. Comm'rs of Rogers Cty., 2002 OK 76Delbrel, 1996 OK 36McCain v. Florida Power Corp., 593 So. 2d 500, 502-03 (Fla. 1992)).

B. TravelCenters' Duty

¶20 It is clear that TravelCenters has some duty regarding the sale of motor fuel to its customers. See, e.g., Brown v. Nicholson, 1997 OK 32935 P.2d 319Cf. Palacine Oil Co. v. Philpot, 1930 OK 180289 P. 281

¶21 But, this case is not about TravelCenters' duty to maintain its premises in a safe condition or its duty to safely deliver motor fuel to its customers. The injury for which the Plaintiffs' seek to recover occurred in a different city.

II. Dram Shop Liability

¶22 To establish TravelCenters' duty, the Plaintiffs first rely on Oklahoma's dram shop cases. See, e.g., Brigance v. Velvet Dove Rest., Inc., 1986 OK 41725 P.2d 300Brigance and the dram shop cases that followed, recognize that, as a matter of public policy, there is a foreseeable risk of harm to others created by a commercial vendor which sells alcohol to an intoxicated person who is likely to operate a motor vehicle. Id. ¶ 24. The main policy concern was expressed by the Court: "With today's car of steel and speed it becomes a lethal weapon in the hands of a drunken imbiber. The frequency of accidents involving drunk drivers are commonplace. Its affliction of bodily injury to an unsuspecting public is also of common knowledge." Id. ¶ 16. The Oklahoma Legislature has codified that policy as well. See Drunk Driving Prevention Act, 47 O.S.2011 §§ 11-906.1 through 11-906.4 (making it illegal to operate a motor vehicle while intoxicated or otherwise impaired).

¶23 In addition to this policy concern, "[t]he public regulates and licenses commercial vendors to sell and distribute alcohol for profit." Busby v. Quail Creek Golf and Country Club, 1994 OK 63885 P.2d 1326Tomlinson v. Love's Country Stores, Inc., 1993 OK 83854 P.2d 910Michnik-Zilberman v. Gordon's Liquor, 390 Mass. 6, 453 N.E.2d 430, 434 (1983)). Further, "the profit potential for liquor vendors [is] the substantial reason for imposing dram shop liability against the commercial vendor of alcohol." McGee v. Alexander, 2001 OK 7837 P.3d 800

¶24 The profit potential derived from the sale of alcohol to an intoxicated driver is not analytically equivalent to the profit potential to be derived from the sale of motor fuel to an intoxicated driver. The Plaintiffs' argument that the dram shop rationale is applicable because "alcohol fuels the driver but gasoline fuels the car" misses the point. Gasoline fuels all automobiles. Gasoline fueled Edmonds' automobile even when he was not intoxicated or had yet to reach the blood alcohol content level beyond which the Legislature has declared it is no longer legal to drive. The foreseeable risk of harm to the public recognized by dram shop liability case law results from providing alcohol to an already intoxicated person who is likely to operate a motor vehicle, not adding to the energy source for that vehicle. See Brigance v. Velvet Dove Rest., Inc., 1986 OK 41

¶25 In addition, as TravelCenters points out, there is no statute prohibiting the sale of motor fuel to an intoxicated driver. We recognize that dram shop liability is not founded solely on a statutory duty not to sell alcohol to a minor or an intoxicated adult. See Id., ¶ 18; Ohio Cas. Ins. Co. v. Todd, 1991 OK 54813 P.2d 508Tomlinson v. Love's Country Stores, Inc., 1993 OK 83854 P.2d 910Boyle v. ASAP Energy, Inc., 2017 OK 82408 P.3d 183See 37 O.S. Supp. 1985 § 53737A O.S. § 6-121See also Brigance, 1986 OK 41Tomlinson, 1993 OK 83Boyle, 2017 OK 82

¶26 In the absence of controlling authority in Oklahoma, the Plaintiffs look to decisions from two other jurisdictions which have imposed a duty on commercial vendors to refrain from selling motor fuel to an intoxicated driver, Morris v. Giant Four Corners, Inc., 498 P.3d 238 (N.M. 2021), and West v. East Tennessee Pioneer Oil Company, 172 S.W.3d 545 (Tenn. 2005). Morris, in which the New Mexico Supreme Court held that a commercial gasoline vendor owed a duty of care to a third party using the roadway to refrain from selling gasoline to a driver it knows or has reason to know is intoxicated. However, the Morris Court expressly rejected a foreseeability analysis to determine the existence of that duty, noting that New Mexico had adopted the Restatement (Third) of Torts. Id. at 243. "When assessing the existence or scope of a duty, a court does not analyze foreseeability or weigh the evidence." Id. (citing Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P., 326 P.3d 465 (N.M. 2014)). Rodriguez clarified that "foreseeability is not a factor for courts [in New Mexico] to consider when determining the existence of a duty . . . ." Rodriguez, 326 P.3d at 467.

¶27 The Restatement (Third) of Torts provides that, ordinarily one "has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." Restatement (Third) of Torts § 7. "Arguably, the most dramatic proposal of the Restatement (Third) . . . [is] the declaration that foreseeability should be ignored in ascertaining if a duty of care is owed." Vicki Lawrence McDougall, Negligence Purpose, Elements, and Evidence, Balloon Press, New York, NY (2018), p. XV. The Restatement (Third) of Torts § 7 "creates a default duty of reasonable care whenever a defendant's conduct causes physical harm." Martha Chamallas, Gaining Some Perspective in Tort Law: A New Take on Third-Party Criminal Attack Cases, 14 Lewis & Clark L. Rev. 1351, 1379 (2010).

¶28 Oklahoma has not adopted the Restatement (Third) of Torts. See Brewer v. Murray, 2012 OK CIV APP 109292 P.3d 41Wofford v. Eastern State Hosp., 1990 OK 77795 P.2d 516

¶29 Second, the Plaintiffs cite West v. East Tennessee Pioneer Oil Company, 172 S.W.3d 545 (Tenn. 2005), in which the Tennessee Supreme Court held: "[T]he acts of the defendant in selling gasoline to an obviously intoxicated driver and/or assisting an obviously intoxicated driver in pumping gasoline into his vehicle created a foreseeable risk to persons on the roadways, including the plaintiffs." Id. at 551. West involved a customer who entered a convenience store, pushed his way to the front of a long line of customers, and demanded beer. The clerk refused to sell him beer because she believed him to be intoxicated. The customer became upset and caused a disturbance, then put three one-dollar bills on the counter, said "we need gas," and staggered out of the store. Id. at 548. Once outside, store employees had to assist the customer in operating the pump in order to put the three dollars of gasoline into his car -- his level of intoxication was so high he could not do so on his own. The customer then left the premises, drove into oncoming traffic, and hit another vehicle 2.8 miles away from the convenience store. Id. at 459.

¶30 There is a material and fundamental distinction between facts in West and this case. Sandoval and Foote did not assist Edmonds in fueling his vehicle.Id. at 338. And, that distinction amplifies the difference between the basis for liability in the dram shop cases and TravelCenters' conduct in this case. Consequently, we decline to extend Brigance to retail vendors of motor fuel or to follow Morris and West.

III. Common Law Tort Liability

¶31 The Plaintiffs also rely on general common law principles of tort law, including 76 O.S.2011 § 1Lowery v. Echostar Satellite Corp., 2007 OK 38160 P.3d 959

We have long recognized that without regard to the relationship of the parties, a person owes a duty of care to another person whenever the circumstances place the one person in a position towards the other person such that an ordinary prudent person would recognize that if he or she did not act with ordinary care and skill in regard to the circumstances, he or she may cause danger of injury to the other person.

Consistent with these principles, section 302 of the Restatement (Second) of Torts recognizes that an act or omission may be negligent if it involves an unreasonable risk of harm to another through the foreseeable act of a third person.

A. The Plaintiffs' General Tort Theory

¶32 First, the law codified at Title 76, section 1 "is the statutory statement of the basic principle of tort law." Larkins-Warr Trust v. Watchorn Petroleum Co., 1946 OK 84174 P.2d 589Thomas v. Casford, 1961 OK 158363 P.2d 856Tucker v. Tucker, 1964 OK 89395 P.2d 6776 O.S. § 1Id. (stating that 76 O.S. § 1Gilmore v. Enogex, Inc., 1994 OK 76878 P.2d 36076 O.S. § 1

¶33 In addition, the general tort principle stated in Lowery and relied on by the Plaintiffs has often been cited in Oklahoma case law.Palsgraf v. Long Island Ry. Co., 248 N.Y. 339, 345 (N.Y. 1928). Nonetheless, the statement was soon recognized, even by its author, as "far too broad" for a general principle defining a defendant's duty in negligence cases. William L. Prosser, Handbook of the Law of Torts 326 (West Publ'g Co., 4th ed. 1971).

¶34 The contract-based origins of the principle are essential to its proper application in tort cases. They are evident in Lisle v. Anderson, 1916 OK 92159 P. 278Id. ¶ 2 (quoting Loehring v. Westlake Constr. Co., 94 S.W. 747, 750 (Mo. Ct. App. 1906)).

¶35 In Keel v. Titan Construction Corporation, 1981 OK 48639 P.2d 1228Union Bank of Tucson, Arizona v. Griffin, 1989 OK 47771 P.2d 219Id. ¶ 13 (citing Bradford Sec. Processing Servs., Inc. v. Plaza Bank & Trust, 1982 OK 96653 P.2d 188Bradford Securities established that an attorney could be held liable for negligence in issuing a legal opinion to those who relied on that opinion when purchasing bonds even though the plaintiffs were not the attorney's client nor were they parties to his contract of employment with the bond seller. Bradford Securities, 1982 OK 96

¶36 In each of the Oklahoma cases relying on the general principle cited by the Plaintiffs, the terms of a contract established the defendant's general duty. The negligent performance of that duty could subject the defendant to liability for harm caused to individuals who were not parties to the contract. But, the basis for that liability rested on an implied duty to perform the contract with a certain degree of care and skill. The only "contractual relationship" involved in this case is the transaction between TravelCenters and Edmonds concerning the sale and purchase of motor fuel. Plaintiffs' theory of the defendants' negligence does not rely on any breach of that contract.

¶37 Further, the Oklahoma cases and the principle stated in Lowery do not, as the Plaintiffs contend, establish a broad, general duty "to the world at large." Palsgraf v. Long Island Ry. Co., 248 N.Y. 339, 350 (N.Y. 1928) (Andrews, J., dissenting). That is the Restatement (Third) of Torts approach. In the absence of a contract, a defendant's duty "depends on the relationship between the parties and the general risks involved in the common undertaking." Wofford v. Eastern State Hosp., 1990 OK 77795 P.2d 516

B. The Plaintiffs' Reliance on TravelCenters' Failure to Act

¶38 Second, general statements of the duty in negligence cases must still account for the difference between malfeasance and nonfeasance. As Comment "a" to section 302 of the Restatement (Second) of Torts clarifies:

In general, anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act. The duties of one who merely omits to act are more restricted, and in general are confined to situations where there is a special relation between the actor and the other which gives rise to the duty.

In the cases discussed in the preceding section, the defendants undertook the affirmative act of performing the duty set out in the contract. Nonetheless, Comment "a" provides: "If the actor is under no duty to the other to act, his failure to do so may be negligent conduct within the rule stated in this Section, but it does not subject him to liability, because of the absence of duty." "A particular tort action is based upon whether the particular defendant owes a legal duty to the particular plaintiff." Hensley v. State Farm Fire and Cas. Co., 2017 OK 57398 P.3d 11Weldon v. Dunn, 1998 OK 80962 P.2d 1273Haas v. Firestone Tire and Rubber Co., 1976 OK 178563 P.2d 620

¶39 While foreseeability may be the most important factor in determining the existence of a duty, it is not the only factor. Additional factors include "the closeness of the connection between the defendant's conduct and the injury suffered, [and] the moral blame attached to the defendant's conduct." Tarasoff v. Regents of Univ. of Cal., 551 P.2d 334, 342 (Cal. 1976). See also Iglehart v. Bd. of Cty. Comm'rs of Rogers Cty., 2002 OK 76Lowery v. Echostar Satellite Corp., 2007 OK 38Brewer v. Murray, 2012 OK CIV APP 109

¶40 And, it is the failure to act, that is, not refusing to sell motor fuel to Edmonds, on which the Plaintiffs rely to argue that TravelCenters owed Perry and her granddaughter a duty. Controlling precedent recognizes that it is foreseeable that an intoxicated driver might cause harm while illegally operating an automobile. See e.g., Brigance v. Velvet Dove Rest., Inc., 1986 OK 41725 P.2d 300

¶41 The special relationships sufficient to impose such a duty are stated in Restatement (Second) of Torts § 314A and B and include common carriers, tavern owners (the basis for dram shop liability), owners and occupiers of land, employers and those charged with the custody of dangerous individuals. These "public calling" exceptions justified liability because the defendant "professed to be competent" and voluntarily undertook to provide "proper service" to the plaintiff. Prosser, Law on Torts (3d ed. 1964) § 28, at p. 139. The duty owed is to the person directly affected by the defendant's failure to act, for example, the common carrier's passenger, the innkeeper's guest and so on. Here, the harm to Perry and her granddaughter was caused by the criminal conduct of Edmonds and the exceptions to the rule stated in section 314 do not apply.

C. TravelCenters' Duty Regarding Edmonds' Criminal Conduct

¶42 As to Edmonds' conduct, one does not generally have a duty to protect the public from harm caused by the criminal conduct of a third party. Wofford v. Eastern State Hosp., 1990 OK 77795 P.2d 516See also Joyce v. M & M Gas Co., 1983 OK 110672 P.2d 1172

¶43 There are two exceptions to the general rule stated in Wofford and Restatement § 315, where "(1) a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (2) a special relationship exists between the actor and the other which gives to the other a right to protection." Wofford, 1990 OK 77Cf., Brewer v. Murray, 2012 OK CIV APP 109292 P.3d 41

¶44 The special relationships invoking this exception to the rule stated in section 315 are set out in the next four sections of the Restatement (Second) of Torts: section 316 (parent/child), section 317 (master/servant), section 318 (owners or occupiers of land), and section 319 (those in charge of prisoners or dangerous individuals). None of these special relationships existed between TravelCenters and Edmonds at the time he purchased motor fuel. Therefore, the general rule stated in section 315 governs -- TravelCenters did not have a duty to refuse to sell motor fuel to Edmonds in an attempt to prevent the harm that might be caused by his illegal driving.

IV. Negligent Entrustment

¶45 Finally, the Plaintiffs rely on Oklahoma's negligent entrustment law to establish TravelCenters' duty and argue, in essence, that one "may not assume that human beings will conduct themselves properly if the facts which are known or should be known to him should make him realize that they are unlikely to do so." Restatement (Second) of Torts, § 390 cmt. b (1965).

¶46 Section 390 of the Restatement (Second) of Torts provides:

One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

The rule stated in Restatement (Second) of Torts § 390 has been adopted in Oklahoma with respect to automobiles. See Berg v. Bryant, 1956 OK 336305 P.2d 517See also Okla. Uniform Jury Instructions - Civil, No. 10.16, and 47 O.S.2011 §§ 6-304

¶47 Restatement section 390 was cited with approval in Sheffer v. Carolina Forge Co., L.L.C., 2013 OK 48306 P.3d 544

¶48 Oklahoma follows this reasoning. "'The rationale underlying imposition of negligent entrustment liability on suppliers of chattels is that one has a duty not to supply a chattel to another who is likely to misuse it in a manner causing unreasonable risk of physical harm to the entrustee or others."' Sheffer, 2013 OK 48Casebolt v. Cowan, 829 P.2d 352See Brigance v. Velvet Dove Rest., Inc., 1986 OK 41725 P.2d 300

¶49 Although the majority of Oklahoma's negligent entrustment cases involve supplying an automobile to another, liability for negligent entrustment is not limited to motor vehicles. See Green v. Harris, 2003 OK 5570 P.3d 866Sawyer v. Kelly, 1944 OK 256153 P.2d 97Ingram v. State, 1990 OK 2786 P.2d 77Vance By and Through Vance v. Thomas, 1986 OK CIV APP 3716 P.2d 710

¶50 Nonetheless, section 390 of the Restatement (Second) of Torts cannot be applied untethered from the law out of which it developed. Section 390 is a "special application" of the rule stated in section 308. Restatement (Second) of Torts, § 390, cmt. b (1965). Section 308 provides:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Comment "a" to section 308 states:

The words "under the control of the actor" are used to indicate that the third person is entitled to possess or use the thing or engage in the activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity.

As previously discussed, the "thing" causing the injury in this case was the alcohol Edmonds consumed that impaired his ability to "engage in the activity" of illegally driving an automobile, not the fuel he used in his automobile. TravelCenters did not have control of Edmonds' automobile or the alcohol he consumed. And, the two TravelCenters attendants' refusal to sell motor fuel would not have prevented Edmonds from engaging in illegal activity unless they physically restrained him from driving away from TravelCenters' Store # 152. Even the West Court would agree that the TravelCenters attendants had no duty to physically restrain or prevent Edmonds from driving. West v. East Tenn. Pioneer Oil Co., 172 S.W.3d 545, 552 (Tenn. 2005) ("We also hasten to point out, as did the Court of Appeals, that by our decision today we do not hold that convenience store employees have a duty to physically restrain or otherwise prevent intoxicated persons from driving."). See also Cullum v. McCool, 432 S.W.3d 829, 838 (Tenn. 2013) ("[O]ur holding does not require store employees to restrain belligerent, intoxicated patrons by physical force.").

¶51 In contrast, National Trailer Convoy, Inc. v. Saul, 1962 OK 181375 P.2d 922Id. ¶ 14. The attendant testified, "without contradiction," that it was the duty of tollgate attendants who have reason to believe a driver is intoxicated, "to try to prevent him from driving through his gate onto the turnpike, and, failing in this, to notify the highway patrol. . . ." Id. ¶ 0 (Syllabus 2-3). The Turnpike Authority did not:

directly deny that, as indicated by the undisputed testimony of the Attendant and others, it has the duty of taking the measures described therein, to prevent, or stop, drivers, who are believed to be intoxicated, from operating their motor vehicles thereon.

Id. ¶ 14. Accordingly, the Supreme Court affirmed the judgment against the Turnpike Authority. The Plaintiffs here do not allege that Sandoval and Foote had the duty to prevent Edmonds from driving while intoxicated.

¶52 Following the Plaintiffs' reasoning, a vendor who permitted an intoxicated driver to fill his automobile's tires with air, or supplied replacement sparkplugs or any other component part necessary to the operation of an intoxicated driver's automobile could be held liable for any injury subsequently caused by that driver. The Plaintiffs' interpretation of section 390, for example, would impose liability on one who supplies directions to an intoxicated driver, sells ammunition to an intoxicated person, and so on. The focus of section 308 is on the instrumentality that directly causes injury and the ability of the defendant to prevent the dangerous conduct of a third person by "withholding consent" to use that "chattel" because it is "under the control" of the defendant. Restatement (Second) of Torts, § 308, cmt. a. No Oklahoma case has extended the reach of negligent entrustment law to the components of a misused chattel and we decline to do so here.

¶53 Further, in each of the Oklahoma negligent entrustment cases, some previously recognized exception to section 315 based on a "special relationship" justified the imposition of a duty to protect the public. Often, the liability imposed was consistent with some policy previously established by the Legislature. In Sheffer v. Carolina Forge Co., L.L.C., 2013 OK 48306 P.3d 54447 O.S.2011 § 6-307. A similar basis for liability existed in National Trailer Convoy, Inc. v. Saul, 1962 OK 181375 P.2d 92247 O.S.2011 § 6-307Accord, Shoemake v. Stich, 1975 OK 55534 P.2d 667

¶54 In Berg v. Bryant, 1956 OK 336305 P.2d 51747 O.S.2011 § 6-30447 O.S.2011 § 6-307Berg, 1956 OK 336Green v. Harris, 2003 OK 5570 P.3d 866Id. n.5 (citing 47 O.S. §§ 6-304

¶55 Even when the "chattel" is not an automobile, Oklahoma's negligent entrustment cases have rested on some special relationship exception to section 315. See Sawyer v. Kelly, 1944 OK 256153 P.2d 97Ingram v. State, 1990 OK 2786 P.2d 77Vance by and Through Vance v. Thomas, 1986 OK CIV APP 3716 P.2d 710

CONCLUSION

¶56 The Plaintiffs seek to impose a duty based on TravelCenters' failure to act, that is, "to refrain from selling motor fuel" to Edmonds given his alleged intoxicated state. In essence, the Plaintiffs seek to equate the foreseeable harm to the public from supplying an automobile or alcohol to an intoxicated driver with selling motor fuel to an intoxicated driver. The legislature has declared the former to be illegal; it has yet to declare such a policy with respect to the sale of motor fuel.

¶57 The basis for liability established by Oklahoma's dram shop cases -- the special relationship between a tavern owner and its customer -- is lacking here. Further, there is a material and substantive difference between selling the motor fuel necessary to operate an automobile, and selling the alcohol consumed by an already intoxicated driver. That difference precludes the extension of Brigance to retail vendors of motor fuel.

¶58 In addition, Oklahoma has not adopted the Restatement (Third) of Torts view that liability may be established in the absence of a duty that the defendant owed to the plaintiff. Absent a special relationship with the wrongdoer, one does not generally have a duty to protect the public from the harm caused by the criminal conduct of third parties like Edmonds. The allegations in the Plaintiffs' petition do not establish any exception to that general rule.

¶59 Finally, negligent entrustment of a "chattel," as a basis for tort liability does not extend to one who supplies the component parts of the chattel. In this case, it was not the motor fuel that caused the deaths of Perry and her granddaughter, but the alcohol consumed by Edmonds while driving his automobile. TravelCenters supplied neither of these "chattels."

¶60 The district court's dismissal of the Plaintiffs' petition is affirmed.

¶61 AFFIRMED.

BARNES, P.J., and HIXON, J., concur.

FOOTNOTES

Cf., Fox v. Mize, 2018 OK 75428 P.3d 314

Id. "Dram shop liability" is the "[c]ivil liability of a commercial seller of alcoholic beverages for personal injury caused by an intoxicated customer." Id. 

Brigance was decided in 1986. See Ohio Cas. Ins. Co. v. Todd, 1991 OK 54813 P.2d 508Sanders v. Crosstown Market, 1993 OK 25850 P.2d 1061Tomlinson v. Love's Country Stores, Inc., 1993 OK 83854 P.2d 910Busby v. Quail Creek Golf and Country Club, 1994 OK 63885 P.2d 1326Mansfield v. Circle K Corp., 1994 OK 80877 P.2d 1130McGee v. Alexander, 2001 OK 7837 P.3d 800Boyle v. ASAP Energy, Inc., 2017 OK 82408 P.3d 183

O'Toole v. Carlsbad Shell Serv. Station, 202 Cal. App.3d 151, 247 Cal.Rptr. 663, 669 (1988), held that a motor fuel vendor could be held liable for selling fuel to an intoxicated driver. However, the California Supreme Court denied review in that case two months later and ordered that the opinion not be published in the official reporter. No other reported California court decision has addressed the issue. The Morris case began in federal court. See Morris v. Giant Four Corners, Inc., 378 F. Supp.3d 1040 (D.N.M. 2019). The federal district court held that New Mexico would not impose liability on a retail vendor who sold motor fuel to an intoxicated driver. The United States Court of Appeals for the 10th Circuit certified the question to the New Mexico Supreme Court and reversed and remanded the federal district court's decision after receiving the Supreme Court of New Mexico's decision in Morris. See Morris v. Giant Four Corners, Inc., 856 Fed.Appx. 214, 10th Cir.(N.M.), Aug. 16, 2021.

West also found a duty to refuse to sell motor fuel to an intoxicated person, we do not find that case persuasive for the reasons discussed herein.

material source of the common law." Bouziden v. Alfalfa Elec. Co-op., Inc., 2000 OK 5016 P.3d 45012 O.S.2011 § 2American Bank of Oklahoma v. Wagoner, 2011 OK CIV APP 76259 P.3d 841

Johnson v. Fine, 2002 OK CIV APP 4745 P.3d 441Johnson Court noted the two exceptions discussed in Wofford to the general rule of non-liability to those not privy to a physician's contract with a patient and found that the plaintiffs were not within the zone of risk created by that special relationship. In Owen v. Walgreen's Pharmacy, No. 115,276, slip op. (Okla. Civ. App. Dec. 23, 2016), the Court cited Igelhart for the proposition discussed in Part III(A) of this Opinion regarding the general duty owed to one foreseeably endangered by the defendant's conduct. The Court held that a commercial pharmacy and its employee owed a duty of care to its customers when reporting to police that a customer may be engaging in drunk driving. The Court did not, as one dissent in Boyle stated, hold that the pharmacy owed "a duty to the public . . . ." Boyle v. ASAP Energy, Inc., 2017 OK 82408 P.3d 183Owen, which reversed summary judgment in favor of the pharmacy and remanded the case for a resolution of the fact issue -- whether the defendant breached its duty to its customer by reporting to police that the customer was intoxicated and driving an automobile.

 Lowery v. Echostar Satellite Corp., 2007 OK 38160 P.3d 959Wofford v. Eastern State Hosp., 1990 OK 77795 P.2d 516Union Bank of Tucson, Arizona v. Griffin, 1989 OK 47771 P.2d 219Bradford Sec. Processing Servs., Inc. v. Plaza Bank and Trust, 1982 OK 96653 P.2d 188Lisle v. Anderson, 1916 OK 92159 P. 278

Heaven v. Pender (1883) 11 QB 503 (Lord Esher).

Lowery, 2007 OK 38160 P.3d 959Wofford, 1990 OK 77795 P.2d 516Igelhart, 2002 OK 7660 P.3d 497Okla. Natural Gas Co. v. Pack, 1939 OK 47597 P.2d 768